Frizzell v. Willard.

---

## FRIZZELL v. WILLARD.

1. PRACTICE BEFORE JUSTICE OF THE PEACE: *Setting aside default judgment; Notice of.*
   No notice to the plaintiff of an application by the defendant to set aside a default judgment before a Justice of the Peace is necessary.

2. GARNISHMENTS: *Allegations and interrogatories must correspond with writ.*
   In garnishments the allegations and interrogatories should conform to the writ. If that be against a single individual, allegations addressed to him and another, alleging a joint indebtedness to the defendant, and interrogatories pursuant to them, are demurrable.

3. SAME: *When effects of defendant in hands of several.*
   When the effects of a defendant are in the hands of several, who are jointly liable to him for them, and which are not under the exclusive control of either of them, all must be joined as garnishees before interrogatories can be filed against either.

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*U. M. Rose*, for appellant:

Motion to dismiss should have been sustained. *Gantt's Digest*, 3760; *Nelson* v. *Hubbard*, 13 *Ark.*, 253.

Frizzell v. Willard.

Garnishee gave no notice, as required by *Sec.* 3761 *Gantt's Digest*.

The ruling of the court sustaining the demurrer, and dismissing proceedings, was exceedingly technical, and cannot be sustained. *Curry* v. *Woodman*, 53 *Ala.*, 371.

*Clendenning & Sandels*, for appellees.

EAKIN, J. Frizzell had recovered a judgment against Willard, before a Justice of the Peace, upon which he sued out a writ of garnishment against Hodgins, summoning him individually to appear and answer as required by the Statute. Interrogatories were filed in due time by the plaintiff. The garnishee failed to appear and answer; and, upon the twentieth of June, 1878, the third day after the time fixed for answer, judgment by default was rendered against him for the whole debt.

Within ten days thereafter he appeared before the justice, moved to set aside the default, and made affidavit to the effect that he had been misled by the plaintiff's attorney, to suffer it. The language of the affidavit is, that the said attorney, "well knowing that your said garnishee was not indebted to said defendant, Willard, told said garnishee that it would not be necessary for him to appear at the time specified in the writ; and that he (the said attorney for plaintiff) being satisfied that said garnishee was not indebted to said defendant, would prepare the answer for said garnishee, and send it to him to Greenwood to sign, etc., and thus save him, the said garnishee, of the trouble of appearing at the return day of the writ;" and that, therefore, he failed to appear. He swears further, that before having this understanding with the attorney, he went to the office of the justice, and found that interrogatories had not been filed.

The motion to set aside the default was refused, and the garnishee appealed, giving notice to plaintiff of the appeal, on the eigteenth of July, 1878.

In the Circuit Court the plaintiff moved to dismiss the appeal, because no notice had been given to him of the *motion for a new trial;* and, amongst other things not insisted upon, that the appellant to the Circuit Court "assigns no meritorious reason for the granting a new trial in the court below, nor does he assign any reason for his appeal herein, as required by law."

This motion was refused, and the refusal is one of the grounds of error insisted upon by the plaintiff in the garnishment, who is the appellant here.

1. PRAC-
TICE BE-
FORE J. P.
Setting
aside de-
fault judg-
ment. No-
tice of.

The motion made before the justice was not for a new trial or rehearing, under *Sec.* 3761 *of Gantt's Digest,* which required notice to the opposite party. There never had been any trial. It was, in effect, a motion, under section 3760, *to set aside a default,* and required no notice until a new day should be fixed for trial. It did require, however, that a *satisfactory excuse* should be shown for the default, and a meritorious defense.

The excuse shown was certainly sufficient. The meritorious defense is not set forth in positive and affirmative terms, but we think it sufficiently implied that the garnishee meant to assert that he owed the defendant in the judgment nothing, and had no effects in his hands. This much he did swear, positively, in the answer, which the court subsequently struck out. The motion to dismiss the appeal was properly refused by the Circuit Judge. A liberal and common sense view of pleadings and entries before justices, and in other inferior courts, must be taken, or justice will be lost in technicalities, which justices, not learned in the law, cannot be expected to comprehend. The justice ought to

Frizzell v. Willard.

have set aside the default, on what was substantially implied by the affidavit, and the appeal was properly taken.

In the Circuit Court the garnishee filed his answer, denying all indebtedness to the defendant in the judgment, or the control of any of his goods, chattels, effects, etc. This answer, for reasons not very obvious to us, was struck out by the court, as not having been filed in time. The garnishee, however, is not appellant here, and we will not consider this.

He then demurred to the allegations and interrogatories filed by the plaintiff, the same being, in effect, as follows:

1. That the garnishee *and Samuel McLoud* were indebted to Willard in the sum of $125; and

2. That they, at and after the service of the garnishment, had in their hands and possession goods, chattels, etc., belonging to defendant, of the value of $125. The interrogatories, in pursuance of these allegations, and to elicit answers as to their truth, were addressed to the garnishee and McLoud jointly.

The court sustained the demurrer, or objections, to the allegations and interrogatories, and gave plaintiff leave to amend, and defendant to answer them as amended. Plaintiff declined to amend, and the court dismissed the suit. From this judgment Frizzell appeals.

The allegations and interrogatories should have been framed in accordance with the writ of garnishment. That was against Hodgins individually. If he had been, with others, jointly and severally indebted to defendant, Willard, such interrogatories would have been amply sufficient to elicit a response on account of his several indebtedness. It was not necessary to join McLoud in the interrogatories, who had not been garnished, nor necessary to question Hodgins as to any obligation of McLoud, with him, to pay

**3. SAME: When effects of defendant in hands several.** Willard money. On the other hand, as to property, effects, etc., which they may jointly have had in their hands, for which they were jointly accountable to Willard, and which was under the exclusive control of neither, if any such there were, it was essential that they should have been joined in the garnishment, before interrogatories could be properly filed against either.

It is the most correct practice to require the allegations and interrogatories to follow the advice in the writ, as to what the garnishee will be called upon and expected to answer, and not require him to answer as to the liability of others not garnished, or as to his joint liability with them, unless it be also several. It is very true that the technicality should not be pressed to defeat apparent rights, **Allegations amendable.** revealed by the whole case, and the court very fairly offered leave to plaintiff to amend, which would have let in defendant's answer again; and substantial justice would have been done in the end. He refused to amend, and his case was dismissed.

In the cultivation and perfection of good practice in the Circuit Courts, for the dispatch of business and speedy administration of justice, it is important that the judges should have a fair discretion in matters not substantially affecting the rights of litigants; and it is the duty of attorneys to conform to all fair regulations and reasonable directions. The plaintiff should have amended, and the court had no recourse against refusal but to dismiss the case.

After a successful motion to strike out so meritorious an answer as was put in by the garnishee, we do not think the plaintiff is in position gracefully to complain of undue technicality, in being required to amend his allegations so as to conform to the writ.

Affirm the judgment.