FLOYD v. SKILLERN.

Opinion delivered December 20, 1915.

PLEADING AND PRACTICE—DISMISSAL OF CAUSE OF ACTION—FAILURE TO
    PROSECUTE—RIGHT TO BRING ANOTHER ACTION.—Where a cause of ac-
    tion is dismissed for failure of the plaintiff to prosecute the same,
    another suit may be brought on the same cause of action.

Appeal from Pulaski Circuit Court, Second Division;
*Guy Fulk,* Judge; reversed.

STATEMENT BY THE COURT.

Plaintiff, in March, 1915, brought this suit for dam-
ages against the defendant for slander and malicious
prosecution, alleging the facts constituting his cause of
action and that there was no probable cause for the prose-
cution.

Defendant filed a motion to dismiss, alleging that
the complaint set out substantially the same cause of ac-
tion as in the first complaint of June 3, 1914, and that
said first complaint and cause of action was dismissed
for want of prosecution on the calling thereof for trial
on November 30, 1914, the order of the court reciting "the
same is hereby dismissed for failure to prosecute, and
judgment for costs against the plaintiff."

Upon the hearing, the court sustained the motion to
dismiss with costs adjudged against plaintiff, from which
judgment of dismissal this appeal is prosecuted.

*Milton W. Guy,* for appellant.

1. A nonsuit, whether voluntary or involuntary, is
not a judgment upon the merits and will not prevent an-
other suit on the same cause of action. 47 Ark. 120; 12
*Id.* 369. The right to bring a new action after a dismissal
is absolute. 96 Ark. 181. A judgment of dismissal should
contain the grounds or reasons upon which it is founded.
31 Ark. 678.

2. The court exceeded its authority and jurisdic-
tion. The statute limits the power of the court in dis-
missing actions for want of prosecution by providing that
the court *may* dismiss *without prejudice to a future ac-
tion.* Kirby's Digest, § 6167.

*J. W. & J. W. House, Jr.* and *T. A. Jackson,* for appellee.

1. The power to dismiss suits for failure to prosecute exists independent of statute. The power is inherent in all courts. 58 Pac. 704; 5 Ark. 408.

2. The pleading filed by appellee in response to the second complaint, perhaps, is misnamed. But this court looks to the substance of the pleading and treats it impartially for all it implies without regard to the name given it. 99 Ark. 335; 74 Ark. 93. The order of dismissal is not void. The grounds of dismissal are apparent of record. 31 Ark. 678 is not in point. The dismissal by the court of the first complaint was *with prejudice,* and another action is barred. Kirby's Dig., § § 4426-4431, 6167, do not give the order of dismissal the effect of a dismissal without prejudice. 47 Ark. 120 is not applicable in this case.

KIRBY, J., (after stating the facts). Our statutes provide, section 6167 Kirby's Digest: "An action may be dismissed without prejudice to a future action, * * *.

"Second, by the court where the plaintiff fails to appear on the trial" and where an action shall be commenced within the time "and the plaintiff therein suffer a nonsuit * * * such plaintiff may commence a new action within one year after such nonsuit suffered," etc. Section 5083, Kirby's Digest.

In *Hallum* v. *Dickinson,* 47 Ark. 120, this court held in effect that a nonsuit whether voluntary or involuntary is not a judgment upon the merits and will not prevent another suit on the same cause of action.

In *Turrentine* v. *St. Louis S. W. Ry. Co.,* 96 Ark. 181, a case where the plaintiff had instituted successively four actions to recover damages for a personal injury, and defendant alleged it had been compelled to spend about $800 in costs in such former actions before the dismissal thereof, and moved the court to require the plaintiff to pay said cost as a condition precedent to the further prosecution of the fifth action, which motion was sustained and the plaintiff declining to do so his complaint was dis-

missed; this court held the trial court's order unauthorized, and while recognizing its right, in the exercise of a proper discretion, to impose terms upon the party in default upon the setting aside of an order of dismissal for the want of prosecution, said, "but the statute unconditionally permits the bringing of a new action after the voluntary dismissal of a former action, and the court can not impose a condition upon the exercise of that right. * * *, and after mentioning that authorities exist to the contrary, continued, saying: "We are not without authority in support of the conclusion we reach, which we think is in harmony with the statutes of this State, authorizing the dismissal of action without prejudice to the bringing of another action for the same cause." It was there indicated that the trial court had power to dismiss an action found to have been instituted vexatiously and not in good faith and the dismissal of a frivolous complaint has likewise been held not erroneous. *Buckner* v. *Railway,* 53 Ark. 16.

The recitals of the order of the court dismissing appellant's complaint show that it was done because of his failure to prosecute and the order only further adjudged the payment of costs. The judgment of dismissal was not upon the merits of the case, and the statute expressly providing that an action may be dismissed without prejudice to a future action by the court where the plaintiff fails to appear on the trial, does not bar another suit on the same cause of action. See also, Black on Judgments, section 703; 23 Cyc., p. 1151.

Although counsel for appellee intimate that the motion to dismiss may be considered as a sufficient pleading of another kind warranting the granting of relief to which it was entitled, without regard to its name, they do not contend that the allegations of the complaint are not sufficient to state a cause of action, if it be treated as a demurrer. The judgment is reversed and the cause remanded with instructions to overrule the motion to dismiss, and for further proceedings according to law.