CARROLL v. TEXPORT OIL COMPANY.

Opinion delivered March 14, 1921.

1. JUSTICES OF THE PEACE—NOTICE TO SET ASIDE DEFAULTS.—Crawford & Moses' Digest, § 6448, providing that judgment by default may be set aside by a justice at any time within ten days after being rendered, does not apply where the parties appeared and had a trial; § 6449 applying in such case and requiring ten days' notice of the motion for new trial or rehearing.

2. COURTS—RETAINING JURISDICTION AFTER MOTION TO GRANT NEW TRIAL.—Although it is necessary to file a motion for a new trial within ten days in municipal courts, in which the general law as to practice before justices of the peace is made applicable, where the motion is made within time, the court does not lose jurisdiction by failure to act within the ten days; but, if action on the motion is not invoked on the motion within ten days, the court loses jurisdiction.

3. STIPULATIONS—IN CONTRAVENTION OF STATUTE.—An agreement between counsel that a motion for a new trial in a municipal court may be taken up at any time when it is mutually convenient is void, being in contravention of the statute, which requires that action of the court be invoked within ten days.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*Pratt P. Bacon* and *John N. Cook,* for appellant.

1. Appellee alleges fraud in procuring the judgment, which was not denied by appellant, and no proof was offered or introduced to sustain it. One who seeks to vacate a judgment by default for fraud assumes the burden of proving it. 93 Ark. 462.

If the order setting aside the judgment was void, then the judgment was not affected thereby and remains in full force and effect, and all proceedings subsequent thereto are void. 24 Cyc. 597 and note 59.

2. The court erred in not sustaining the demurrer to appellee's petition for certiorari, and both parties are bound by the record of the municipal court, as far as the same may extend. Kirby's Digest, § 1316. The judgment of the municipal court in favor of appellant was rendered by consent on the day set for trial and is reg-

ular on its face. The municipal court is a court of rec-ord. Acts 1917, p. 735, § 1. All statements of the position of appellee outside of these records are immaterial and irrelevant. 30 Ark. 17. The municipal court was without power to set the judgment aside except "within ten day after being rendered," and appellee was bound to know that any order made by said court setting aside the judgment was void if same was made after ten days from the rendition thereof. Having permitted the days to expire, after it had the right of appeal it has no remedy by certiorari. 37 Ark. 318; 131 *Id.* 215. Appellee was not entitled to the writ of certiorari, but appellant was, and the order of the municipal court made on August 18, 1920, setting aside the judgment should be quashed, as the court had no jurisdiction to make it.

SMITH, J. On May 22, 1920, appellant filed suit against appellee company in the municipal court of Texarkana, and summoned the State National Bank of that city as garnishee. A bond was given, and the attachment was dissolved and the garnishee discharged. On June 18, 1920, appellee filed its answer, and, by consent, the cause was set for trial on July 1, 1920. The cause was continued and reset for trial on July 20. On that day appellant appeared by his attorney, and appellee failed to appear, and judgment was rendered against it for the amount sued for.

On July 29 appellee filed its motion to set the default judgment aside, and as grounds therefor alleged that the junior member of the firm of attorneys which had charge of the case was confined in a hospital, and that the senior member of the firm did not know the case had been set for trial. This motion was granted on August 18, 1920, the default judgment was set aside, and the case reset for trial on September 1, 1920. On this last-named day appellant appeared in the municipal court and moved the court to set aside the order vacating the default judgment. This motion was granted on September 3, and the order of August 18 was vacated

and set aside, and appellee appealed from that order to the circuit court. On September 6 appellant filed in the circuit court a motion to dismiss appellee's appeal. This motion was granted, and the appeal was dismissed.

On September 14 appellee filed in the circuit court its petition for certiorari, alleging the facts set out above, and further that at the time the original default judgment was rendered appellant had appeared by his attorney, who represented to the court that he believed the defendant (appellee) had no defense, that the answer and bond had been filed to release money to meet a payroll, and that this representation was false and had misled the court and induced it to render judgment by default. That, after filing this motion to set aside the default judgment, appellee's attorney had asked appellant's attorney when the motion could be taken up in the court, and appellant's attorney answered that they would present the motion at any time that was convenient to both parties. That, relying upon said statement, appellee allowed said motion to remain on file without being acted upon by the court until August 17, on which date he was advised that the motion would be heard the next day, and on that day the default judgment was set aside. It was further alleged in the petition for certiorari that the order of the court made on September 3, setting aside its order of August 18, was void, for the reason that the court was without jurisdiction to make it, as the judgment, by the order of August 18 had ceased to exist, and that the petitioner (appellee) had a valid defense to said suit, but the nature of the defense was not alleged.

On September 21, 1920, appellant filed his petition in the circuit court for certiorari to quash the order of the municipal court made on August 18, 1920, setting aside the default judgment rendered July 20, 1920. This petition alleged that the order which it seeks to quash was void because more than ten days had elapsed after the default judgment had been rendered before the court was asked to set it aside, and the court was thereafter without

jurisdiction to make that order. It was there alleged that petitioner for this second writ of certiorari (appellant) had never been advised of the filing of the motion to vacate the default judgment and had no notice of its pendency until it had been granted. An answer was filed to this petition by appellee, in which it reiterated the facts alleged in its own petition for certiorari.

The two petitions were heard together, and the court overruled a demurrer filed by appellant to appellee's petition, and granted appellee's petition for certiorari, and quashed the order of the municipal court made on September 3 vacating and setting aside the order of August 18, and remanded the case to the municipal court for trial. The court denied appellant's petition for certiorari to quash the order of August 18. A motion for a new trial was filed in which the orders of the court were assigned as error.

The municipal court of Texarkana was created by act 138 of the Acts of 1917 (Acts 1917, p. 734), and section 7 thereof makes all provisions of the general law applying to justices of the peace and not inconsistent with the act applicable to that court.

The proceeding sought to be reviewed by this appeal is not one to set aside a judgment as having been obtained by fraud, but is a proceeding by certiorari to quash an alleged void order of the municipal court. The validity or invalidity of the order sought to be quashed depends upon the construction of section 6448, C. & M. Digest. This section reads as follows:

"Judgment of dismissal for want of prosecution, or judgment by default may be set aside by the justice at any time within ten days after being rendered, if the party applying therefor can show a satisfactory excuse for his default, and a meritorious cause of action or a meritorious defense, whereupon a new day shall be fixed for trial, and notice given to the opposite party; and any execution which may in the meantime have been issued shall be recalled in the same manner as in cases of

appeal, and the cause shall proceed to trial as though no such judgment had been taken.''

This section does not deal with the practice in a case where the parties appeared and a trial was had before the court. Section 6449, C. &. M. Digest, governs in that case, and requires a notice of ten days of the motion for a new trial or a rehearing.

This court, in the case of *Frizzell* v. *Willard,* 37 Ark. 478, held that no notice was required of the filing of a motion under section 6448 until the default judgment had been set aside and a new day fixed for trial. Notice of that fact is required by the statute. It thus appears that it was the legislative will that the parties seeking the benefit of this statute should move expeditiously and within the time limited. This section 6448, under which appellee proceeded, is a special statutory proceeding. It was not intended to deprive one of his right to have a judgment set aside as having been obtained by fraud, nor was it intended to affect one's right of appeal. It was designed to afford relief to the litigant whose suit was dismissed for want of prosecution or against whom a judgment by default had been taken where the litigant could show a satisfactory excuse for his delay and that he had a meritorious cause of action or defense. But this relief can be granted only where the litigant proceeds within the time limited by law, towit, ten days after the rendition of the judgment. This means that the party must file his motion and invoke the order of the court thereon within ten days. If this is done, and for any reason the court does not act thereon, jurisdiction of the motion is still retained by the court.

This is the construction which the Supreme Court of California gave to a somewhat similar statute of that State in the case of *Spencer* v. *Branham,* 41 Pac. 1095, 109 Cal. 336. There a judgment by default was entered on April 20 against Leonard by a justice of the peace. Within the ten days allowed by law, Leonard filed a motion to set the judgment aside, and alleged an excuse for

his neglect. The motion was set for hearing on May 8, and was heard and granted on that day, and the cause set down for trial. Thereafter a proceeding was brought to prohibit the trial on the ground that the justice had no jurisdiction to grant the motion because it was not made within ten days of the trial. The court there said: "The question then is, when a motion must be made upon notice within a given period, can a party extend his own time by filing a written motion within the period, and giving notice of a hearing of the motion at a time after the period has expired? To ask the question is to answer it. The application for relief must be by motion, and 'making and not filing a written application for such rule or order is not sufficient. The attention of the court must be called to it, and the court moved to grant it.' *People* v. *Ah Sam,* 41 Cal. 645. Here, although the attention of the court may have been called to it, no present action was requested." The court added, however: "If the motion had been made, had the court continued the hearing for argument, or for further evidence, it would not have lost jurisdiction, for in such case the application would have been made in time."

In this case, as in that, the motion to vacate was filed within the time limited by law, but in this case, as in that, the ruling of the court was not invoked within the ten days. This fact appears from the recitals of appellee's petition for certiorari. Appellee seeks to excuse that failure by alleging an agreement with opposing counsel to take the motion up at any time when it was mutually convenient. But the court made no order in regard to this motion, and was not asked to rule thereon, within the ten days, and appellee relied upon the agreement at its peril. The agreement was in contravention of the statute, and the parties could not thus enlarge the time for invoking the action of the court, which the statute provided.

It follows, therefore, that the municipal court should not have set the default judgment aside, and the circuit

court should not have set aside the order of the municipal court vacating its order which set aside the default judgment.

The judgment of the court below is therefore reversed, and the cause will be remanded with directions to the circuit court to enter an order directing the municipal court to vacate its order which set aside the judgment rendered on July 20.