## CLEMMONS *v.* DAVIS.

### Opinion delivered April 7, 1924.

LIMITATION OF ACTIONS—TIME OF COMMENCEMENT.—Under Crawford & Moses' Dig., § 1049, declaring a civil action to be commenced by filing a complaint and causing a summons to be issued, an action against the Federal Agent was barred by the two-year limitation in the Transportation Act (41 U. S. Stat. at L. 456),

though the complaint was filed within that period, if the summons was not issued until after its expiration.

Appeal from Calhoun Circuit Court; *L. S. Britt*, Judge; affirmed.

*J. W. Warren*, for appellant.

Under our statute a suit is not commenced until a complaint has been filed and a summons has been issued, is appellee's contention; but this legislative definition of the commencement of a suit is not intended as a declaration of conditions precedent to the status of a litigant as one having *brought* a suit, but to define the state of facts which would constitute conclusive evidence that the plaintiff, in good faith, had submitted his cause to the court and intended to prosecute it. This having been done, the question of the plaintiff's real purpose passes beyond controversy by excluding inquiry as to his good faith. The good faith is the *fact* essential to the status of the litigant and the intent with which the complaint is filed is the controlling test. 130 S. W. 122, and cases cited; 92 N. E. 384; 62 Ark. 401; 25 Cyc. 1292.

*J. R. Turney* and *Gaughan & Sifford*, for appellee.

In view of the statute, C. & M. Digest, § 1049, and this court's decisions construing the same, it appears that it is no longer open to question that, in this State at least, whatever may be the holding in Missouri or other States on similar statutes, a suit is *not* commenced until complaint is filed and *summons issued*. 138 Ark. 10; 57 Ark. 229; 57 Ark. 459; 47 Ark. 120; 151 Ark. 377.

McCULLOCH, C. J. Appellant instituted this action at law against appellee, as agent of the United States Government, under the act of Congress approved February 28, 1920, commonly known as the Transportation Act (41 U. S. Statutes at Large, 446), to recover property damage alleged to have been sustained by negligence of employees of the Director General of Railroads in operating the line of railroad of the St. Louis Southwestern Railway Company. It is alleged in the complaint that servants of the Director General, while operating the railroad under government control, caused or permitted

fire to be communicated from a locomotive to the property of appellant, situated near the right-of-way, and that appellant's property was destroyed by fire.

The complaint of appellant was filed on February 27, 1922, but summons was not issued by the clerk until March 10, 1922. Appellee answered, pleading the bar of the statute of limitations in the statute referred to above, which reads as follows:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the president of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the act of August 29, 1916), of such character as, prior to Federal control, could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such acts, suits or proceedings may, within the periods of limitation now prescribed by State or Federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which, but for Federal control, would have had jurisdiction of the cause of action had it arisen against such carrier."

The cause was heard as a preliminary matter by agreement of parties, and the court sustained appellee's plea, and rendered final judgment against appellant.

It is conceded by counsel for appellant that the action is barred unless it was commenced within the two-year period of limitation prescribed by the Transportation Act. It is contended that the filing of the complaint with the clerk of the circuit court constituted a commencement of the action, and decisions of courts in other States are cited in support of that contention. The question has been put at rest by decisions of this court to the contrary. In the case of *Hallum* v. *Dickinson*, 47 Ark. 120, it was decided that the filing of a complaint does not constitute a commencement of an action, but that process

must also be issued, and that "until then the running of the statute of limitations is not arrested." There are later decisions to the same effect. In fact, our statute contains an express provision defining what shall constitute the commencement of an action, which reads as follows: "A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon." Crawford & Moses' Digest, § 1049. The statute itself is too plain for doubt, and the decisions of our court on the subject merely declare its plain terms.

The court was therefore correct in sustaining appellee's plea, and the judgment is affirmed.