BROWNE-HINTON WHOLESALE GROCERY COMPANY v. GRUBBS.

Opinion delivered February 21, 1927.

DISMISSAL AND NONSUIT—REINSTATEMENT—PROCEDURE.—Crawford & Moses' Dig., § 6448, providing that a cause dismissed by a justice of the peace for want of prosecution may be reinstated by the justice under certain conditions, creates an exclusive remedy, and is applicable to the municipal court of Fort Smith, under Acts 1921, p. 259, § 7, and failure to observe such conditions will preclude plaintiff from prosecuting another suit based on the same cause of action.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*W. L. Curtis,* for appellant.

*Cravens & Cravens,* for appellee.

McHANEY, J.   The appellant sued appellee in the municipal court of Fort Smith, on June 4, 1925, for $173.95 on open account. Summons was issued and served on that date, and made returnable June 15, 1925. On the return day appellee appeared in person and by attorney, but appellant failed to appear either in person or by attorney, and the cause of action was dismissed by the court, on the motion of appellee, for failure to prosecute.

On the same day, June 15, appellant refiled its suit, based on the same cause of action on which summons was issued and served on said date, and made returnable June 25, 1925. On June 25 the case was continued to June 30, and tried on the latter date, resulting in a judgment for appellant in the sum of $168.43 with interest and costs.

Appellee appealed to the circuit court, and, on October 9, 1925, moved the court to dismiss appellant's cause of action, which motion was granted "for the reason that plaintiff (appellant) did not comply with § 6448 of Crawford & Moses' Digest of the statutes of the State of Arkansas before instituting in the municipal court of the city of Fort Smith, Arkansas, a second suit on the same cause of action, the first suit having been dismissed on motion of the defendant for failure to prosecute." From which comes this appeal.

The only question for decision by this court is whether a plaintiff who files a suit before a justice of the peace, or a municipal court with the jurisdiction of a justice of the peace, such as the municipal court of Fort Smith, and suffers a dismissal of such suit for failure to prosecute, may refile or institute and prosecute another suit on the same cause of action and ignore § 6448 of Crawford & Moses' Digest. We hold that he cannot.

Section 6448 reads as follows: "Judgment of dismissal for want of prosecution or judgment by default

may be set aside by the justice at any time within ten days after being rendered, if the party applying therefor can show a satisfactory excuse for his default, and a meritorious cause of action or a meritorious defense, whereupon a new day shall be fixed for trial, and notice given to the opposite party.; and any execution which may in the meantime have been issued shall be recalled in the same manner as in cases of appeal, and the cause shall proceed to trial as though no such judgment had been taken.''

The record in this case shows that appellant's cause of action was dismissed in the municipal court for failure to prosecute; that it had notice of such dismissal is conclusively shown from the fact that, on the same day, it reinstituted its cause of action in the same court, without making any attempt to have the judgment of dismissal set aside, nor did it attempt to comply in any way with the provisions of said § 6448.   In order to have complied with said section, and to have been entitled to reinstatement of his cause of action, the appellant would have been required, (1) to make an application to the municipal court, within ten days after the dismissal, to have the same set aside; (2) to show a satisfactory excuse for his default; and (3) a meritorious cause of action.

The municipal court of Fort Smith was created by act 203 of the General Acts of 1921 (Acts 1921, page 259), and § 7 thereof makes all provisions of the general law applying to justices of the peace and not inconsistent with the act applicable to that court.  Therefore § 6448 is applicable to the municipal court of Fort Smith.

In the case of *Carroll* v. *Texport Oil Company,* 148 Ark. 18, 228 S. W. 290, this court, in construing this section of the Digest, used the following language:

''This § 6448, under which appellee proceeded, is a special statutory proceeding.  It was not intended to deprive one of his right to have a judgment set aside as having been obtained by fraud, nor was it intended to affect one's right of appeal.  It was designed to afford relief to the litigant whose suit was dismissed for want of prosecution or against whom a judgment by default

had been taken where the litigant could show a satisfactory excuse for his delay and that he had a meritorious cause of action or defense. But this relief can be granted only where the litigant proceeds within the time limited by law, to-wit, ten days after the rendition of the judgment. This means that the party must file his motion and invoke the order of the court thereon within ten days.''

The remedy provided by this section of the statute is therefore exclusive, and the appellant, by failure to follow the remedy provided by the statute, is precluded from prosecuting another suit based upon the same cause of action.

It follows that the judgment of the circuit court must be affirmed, and it is so ordered.