AMERICAN RAILWAY EXPRESS CO. *v.* REEVES.

Opinion delivered March 21, 1927.

1. LIMITATION OF ACTIONS—COMMENCEMENT OF SUIT.—Under Crawford & Moses' Dig., § 1049, both the filing of a complaint and the issuance of summons thereon are necessary to the commencement of an action.

2. LIMITATIONS OF ACTIONS—TRANSPORTATION ACT.—A cause of action under the Transportation Act (Act Cong. Feb. 28, 1920, § 206a) which accrued in 1920, was barred by limitation where summons was not issued until 1925.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck,* Judge; reversed.

*E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellant.

*T. A. Turner* and *Denver L. Dudley,* for appellee.

WOOD, J. On the 2d, 13th and 23d of February, 1920, J. I. Kratzmeyer delivered to the American Railway Express Company, hereafter called Express Company, three separate lots of furs for shipment from points in Arkansas to St. Louis, Missouri. On January 15, 1921, an action was instituted in the circuit court styled "J. R. Reeves, trustee of the estate of J. I. Kratzmeyer, bankrupt, plaintiff, against the Express Company, defendant." The complaint alleged that Kratzmeyer, on May 8, 1920, had filed a voluntary petition in bankruptcy, and that J. R. Reeves had been appointed trustee by the creditors of Kratzmeyer. It was alleged that there was a loss in the shipment caused by the defendant in the total sum of $632.25, for which the plaintiff prayed judgment. An answer was filed on September 7, 1921, denying the material allegations of the complaint. On September 6, 1921, the attorney for the plaintiff filed a motion in which he suggested that J. R. Reeves had departed this life and that J. D. Reeves had been appointed trustee to succeed him, and moved that the cause be revived in the name of J. D. Reeves, trustee. On September 5, 1923, the Express Company filed a motion to dismiss the suit, alleging that the real party in interest had not sued as plaintiff. Attached to the motion was a certified copy of the

record of the Federal court of the Eastern District of Arkansas, showing that no trustee in bankruptcy had been appointed. The court heard the motion on the same day, September 5, 1923, and sustained the motion, and dismissed the cause as to J. D. Reeves, trustee. The court noted in its order that "the complaint was amended by making J. I. Kratzmeyer a plaintiff, and the cause continued for service."

On the 12th of February 1925, a summons was issued out of the Craighead Circuit Court commanding the sheriff to summon the express company to appear at the next September term of the First Division of the Craighead Circuit Court, Jonesboro District, to answer the complaint of J. D. Reeves, trustee of the estate of J. I. Kratzmeyer, bankrupt, and J. I. Kratzmeyer. The Express Company was duly served with summons on February 13, 1925. On March 24, 1925, the Express Company appeared and moved the court to require the plaintiffs to make their complaint more specific. On the 5th of September, 1925, an answer was filed, denying the material allegations of the complaint and setting up in defense the statute of limitations. On September 8, 1925, the Express Company filed a motion setting up the various steps that had been taken in the cause, and moved the court to declare that the action was instituted on February 12, 1925, and that same was barred by the statute of limitations, and therefore asked the court to enter a judgment in its favor. The plaintiff thereupon moved the court to enter a judgment in its favor, which request the court granted, and entered a judgment in plaintiff's favor, from which is this appeal.

The only question presented by this appeal is whether or not the plaintiff is barred from maintaining the action by the statute of limitations. The statute of limitations applicable to appellees' alleged cause of action which accrued on the 2d, 13th and 23d of February, 1920, § 206 (a), (Fed. Statutes Ann. Supplement 1920, Act, approved February 28, 1920. The appellant was being operated under Federal control during the time the

alleged loss occurred. The Government control terminated on March 1, 1920. The statute of limitations, in part, provides as follows: "Such actions, suits or proceedings may, within the periods of limitation now prescribed by State or Federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which, but for Federal control, would have had jurisdiction of the cause of action had it arisen against such carrier." Act of Congress Feb. 28, 1920, § 206 (a), Fed. Statutes Ann. Supplement 1920, page 77).

The contract of carriage under which the shipments were made provides, in part, that "suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." The record shows that the original complaint in this action was filed January 15, 1921. The appellant moved to dismiss on September 5, 1923, on the ground that the real party in interest had not sued as plaintiff. The court granted this motion on the same day, in the following order: "On this day, September 5, 1923, motion filed to dismiss for defective parties. Motion heard and sustained, and dismissed as to J. D. Reeves, trustee for estate of J. I. Kratzmeyer, bankrupt, as plaintiff. Complaint amended by making J. I. Kratzmeyer plaintiff, and cause continued for service." The record shows that a summons was issued on February 12, 1925, in which the sheriff was commanded to summon the appellant to answer the complaint against it by J. D. Reeves, trustee of the estate of J. I. Kratzmeyer, and J. I. Kratzmeyer, and to make due return of the summons on the first of September, 1925. The summons was returned duly served February 13, 1925.

As we construe the order of September 5, 1923, it was tantamount to the dismissal of the action of J. D. Reeves, trustee for the estate of Kratzmeyer in bankruptcy, and then there was substituted as plaintiff J. I. Kratzmeyer.

It was an original action so far as Kratzmeyer was concerned, and was equivalent to filing a complaint on that day by Kratzmeyer against the appellant and continuing the cause for service on the appellant. The summons was issued and served on the appellant as if on an original complaint.

Under our statute, § 1049, C. & M. Digest, a civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon. An action is commenced when the complaint is filed and summons issued thereon. The mere filing of a complaint is not the commencement of a civil action. It takes both the filing of the complaint and the issuance of a summons thereon to commence a civil action. *Burleson* v. *McDermott,* 57 Ark. 229, 21 S. W. 222; *Railway Co.* v. *Shelton,* 57 Ark. 459, 21 S. W. 876; *Wilkins* v. *Worthen,* 62 Ark. 401, 36 S. W. 21; *Barker* v. *Cunningham,* 104 Ark. 627, 150 S. W. 153; *Clemmons* v. *Davis,* 163 Ark. 452, 260 S. W. 402.

In the last case the cause of action arose under the Transportation Act, and the appellant in that case contended that the action was barred unless commenced within the two-year period of limitation. We sustained the contention of the appellant, saying:

"In the case of *Hallum* v. *Dickinson,* 47 Ark. 120, 14 S. W. 477, it was decided that the filing of a complaint does not constitute a commencement of an action, but that a process must also be issued, and that, until then, the running of the statute of limitations is not arrested." Therefore, in the case at bar, the action of J. I. Kratzmeyer against the appellant was not commenced until the summons was issued on the 12th day of February, 1925. That was more than two years after March 1, 1920. It follows that the trial court erred in not holding that the appellee, Kratzmeyer, was barred by the statute of limitations, and in not entering a judgment in appellant's favor, dismissing the complaint.

For the error indicated, the judgment is reversed, and the cause is dismissed.