JERNIGAN *v.* PFEIFER BROTHERS.

Opinion delivered May 7, 1928.

*Sidney Kelley,* for appellant.

*J. M. Burrow,* for appellee.

146

WOOD, J. On May 28, 1923, Pfeifer Brothers instituted an action in the circuit court of Sharp County, alleging that the defendant Jernigan was indebted to the plaintiff in the sum of $323.82 on open account for merchandise, for which plaintiff asked judgment. Summons was issued on the 28th day of May, 1923, and served on the defendant on that day. The defendant filed his answer on January 7, 1924, denying all the material allegations of the complaint. On January 8, 1924, on motion of the defendant, the court entered an order dismissing the cause for want of prosecution. On July 14, 1924, the court entered an order dismissing the motion of the plaintiff which had been filed at a former term of the court, to reinstate the cause. On September 9, 1924, the plaintiff refiled the original complaint in the circuit court, and summons was issued thereon on the 30th day of June, 1925. Summons was served on the defendant July 2, 1925.

The defendant filed an answer, in which he set up that the last item of the account on which suit was brought was charged to the defendant on December 24, 1920; that the action was instituted on September 9, 1924. The defendant therefore pleads especially the statute of limitations as a complete bar to the cause of action. After the jury was impaneled to try the cause, the defendant moved the court to direct a verdict in his favor on the ground that the action was barred by the three-year statute of limitations. The attorney for the appellant testified on the motion as follows:

"I want to state that when this suit was originally filed and dismissed, after the court gave me permission to refile it, I left the papers with the clerk of the court, and I have a letter from the clerk in which he states that the sheriff refused to serve the papers because the filing was not accompanied with the cash for service. He would not serve the summons because I did not leave the cash for the service." The witness filed the complaint the last time when the court gave witness the right to refile it at that same term of the court. The court did

not, at that juncture, pass upon the motion, but the trial judge announced that he would look up the docket entries and pass upon the motion later. Testimony was thereupon adduced by the plaintiff, which, in view of the conclusion we have reached, it becomes unnecessary to set forth.

At the conclusion of the testimony on behalf of the plaintiff, counsel for the defendant renewed his motion for a directed verdict in favor of the defendant, which motion the court overruled. The court allowed testimony to be introduced on the motion, which consisted of the summons that was issued on May 28, 1923, and served on May 31, 1923; also a summons that was issued on June 30, 1925, and served on July 2, 1925, together with a letter signed by Sidney Kelley, showing that a summons was served on December 10, 1924, and stating that the summons was on a form for chancery court, and that neither the sheriff or his deputy noticed the difference. The court thereupon instructed the jury, and the jury returned a verdict in favor of the plaintiff in the sum of $320. The defendant filed motion for a new trial, in which he moved the court to set aside the verdict and judgment. One of the grounds of his motion for a new trial is that the court erred in overruling the defendant's motion for a directed verdict upon his plea of the statute of limitations. The motion was overruled, and the court rendered judgment on the verdict in favor of the plaintiff against the defendant in the sum of $320, from which is this appeal. The record entries of the proceedings had in this cause are somewhat confusing, but it sufficiently appears that the original action, filed May 28, 1923, was dismissed, and that the appellees refiled their complaint on September 9, 1924. It appears from the exhibits, which were introduced in evidence, that summons was not issued on the complaint filed September 9, 1924, until June 30, 1925, upon which service was had on July 2, 1925. It appears from the testimony in the bill of exceptions that the original action was bottomed upon an open account, the last items of which were furnished

in December, 1920. The original complaint was filed in May, 1923, before the cause of action was barred by the three-year statute of limitations. But the action on the original complaint was dismissed January 8, 1924, and the complaint upon which the judgment was rendered was filed September 9, 1924. Summons was not issued, however, on this complaint until June 30, 1925. It therefore appears that one year, five months and twenty-two days had elapsed between the judgment dismissing the original action and the institution of the new suit based upon the same claim as in the original cause of action. While the last complaint was filed within a year from the time the original cause of action was dismissed, the summons on the last complaint was not issued until a year had expired after the dismissal of the original complaint or cause of action.

The statute declares as follows: "A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon." Section 1049, C. & M. Digest. Construing this statute in the case of *Clemens* v. *Davis,* 163 Ark. 452, 260 S. W. 402, we said: "In the case of *Hallam* v. *Dickinson,* 47 Ark. 120, 14 S. W. 477, it was decided that the filing of a complaint does not constitute a commencement of an action; but that summons must also be issued, and that until then the running of the statute of limitations is not arrested." See also *Simms* v. *Miller,* 151 Ark. 377, 236 S. W. 828; *Kansas City So. Ry. Co.* v. *Akin,* 138 Ark. 10, 210 S. W. 350. It appears from the record that the original action was dismissed by the court for want of prosecution, which the court had the authority to do under § 1261 of C. & M. Digest, subdivision No. 2. This dismissal of the action by the court did not bar appellees' right to institute a new action on the same cause of action under the above statute. See *Floyd* v. *Skillern,* 121 Ark. 454, 181 S. W. 298; *Forschler* v. *Cash,* 128 Ark. 412, 194 S. W. 1029. But, on the refiling of the complaint on the 9th of September, 1924, the appellees failed, according to the facts set forth in the bill of exceptions, to have a

summons issued until June 30, 1925. Under the above authorities therefore the new action was not commenced until summons was issued, which, as we have seen, was a year, five months and twenty-two days after dismissal of the original action for want of prosecution. Therefore, under the facts, the appellees do not bring their new action within the provisions of § 6969 of C. & M. Digest.

In *Watkins* v. *Martin,* 69 Ark. 311, 65 S. W. 425, we said: ''The three-year statute of limitation having been pleaded in bar of the action, the burden of proof was upon the appellant to show when his cause of action accrued, and that the writ issued was sued out within the three years, or, if two actions were brought upon the same account, and one was dismissed before the commencement of the other, that the first was begun within the time, and that a nonsuit was suffered therein, and that the last was brought within one year after the nonsuit.''

Counsel for appellees state in their brief, in substance, that it appears in the files that a new summons was issued after the original action had been dismissed and a new action begun, and that summons was issued in time and placed in the hands of the sheriff and his promise secured to serve same, but, after searching diligently in the bill of exceptions, we do not find any such statement. We find a letter as Exhibit No. 3 from Sidney Kelley, dated January 2, 1925, stating, in substance, that the summons was served on December 10, 1924, on a form for chancery court, and that the difference had not been discovered until just then. This letter does not sufficiently prove that summons had been issued on the complaint filed September 9, 1924. There is no definite, affirmative proof in this record that any summons was ever issued and delivered to the sheriff on the complaint filed September 9, 1924, except the summons of June 30, 1925. To be sure, if a summons had been issued and delivered to the sheriff within a year from the dismissal of the original action, that would have tolled the statute

of limitation, even though such summons had not been served until after the statutory period had elapsed. *Simms* v. *Miller, supra.* All that we can say from the record before us is that it seems probable that a summons may have been issued on this complaint and delivered to the sheriff, but there is no satisfactory proof of same. We can only try a cause here from the facts as they appear in the record. It appears from the record entries proper and the bill of exceptions, as above set forth, that the appellees are barred by the statute of limitations from maintaining this action. The trial court erred in not so holding. The judgment is therefore reversed, and the cause is remanded for a new trial.