BAUGHMAN *v.* OVERTON.

Opinion delivered April 6, 1931.

*Claude F. Cooper, Neil Reed* and *T. J. Crowder,* for appellant.

*Cecil Shane,* for appellee.

KIRBY, J., (after stating the facts). There is no merit in appellant's contention that the court erred in not sustaining his plea of *res judicata,* the suit for injunction against appellant to prevent his interfering with the gathering of the crop by appellee, although testimony therein was heard, was dismissed "without prejudice." The court had the power to make such disposition of the case and order therein, and, having done so, the judgment was not *res judicata. Gosnell Special School District* v. *Baggett,* 172 Ark. 681, 290 S. W. 577; *Carpenter* v. *Dressler,* 76 Ark. 400, 89 S. W. 89; *Moss Tie Co.* v. *Miller,* 169 Ark. 657, 276 S. W. 586; *Mutual Benefit Health & Accident Assn.* v. *Tilley,* 174 Ark. 932, 298 S. W. 215; and § 1261, C. & M. Digest.

The majority is of opinion, however, that the court erred in not holding that it was without jurisdiction in the second case, because of the splitting of appellee's cause of action, the first suit being for the full amount of the jurisdiction of the justice of the peace. There is no doubt but that appellee was entitled to the value of his share of the crop produced by his labor less the amount due by him to the owner of the land, and to a lien therefor on the crop produced. The first suit was for $300 on this cause of action, the full amount of which the justice court had jurisdiction, and, although a litigant can bring suit in the justice court on a cause of action and a claim amounting to more than $300, by doing so and recovering thereon he waives or surrenders all right to recovery of any amount thereon beyond the jurisdiction of the justice court.

The fact that appellee knew of only a certain portion of the crop having been sold at the time the first suit was brought, his share of the value thereof amounting to $300, for which amount suit was brought, would not permit him later to bring suit for the value of his share of other portions of the crop subsequently discovered to have been disposed of by the owner or landlord, since it would be a splitting of his cause of action, he being entitled to the whole amount of the value of his share of the entire crop, which could constitute but a single cause of action. This is not a case of a new cause of action allowed to be maintained upon the same contract or transaction whenever, after the first action brought, a new cause of action has arisen therefrom as provided in the statute. Section 1083, Crawford & Moses' Digest.

The court had the right to remand or send back the case first appealed for proper service on appellant and his guardian, and, since it was brought for the full amount of the jurisdiction of the justice court on the single cause of action, the testimony having shown that the laborer was entitled to recover that amount, the value of his share of the crop being greater than the amount sued for, it could not then render judgment in the second case for $50 more than such amount, even though it was shown that appellee was entitled thereto, had it not been beyond the jurisdiction of the justice court under the circumstances.

The judgment of the circuit court for $50 in the second suit is therefore reversed, and the cause must be dismissed, said court having acquired no jurisdiction to hear the cause which was beyond the jurisdiction of the justice court wherein it originated. Otherwise the judgment of the circuit court is affirmed.