4-7825                                            192 S. W. 2d 538

Opinion delivered February 18, 1946.

*H. J. Denton,* for appellant.

*Nat T. Dyer,* for appellee.

ED. F. McFADDIN, Justice.    Appellee sued appellant for $300 in the circuit court. Appellant pleaded *res judicata;* and appeals to this court from a judgment adverse to that plea.

For convenience, we refer to the parties by name. On March 15, 1944, Jordon agreed to pay McCabe a balance of $300 in sixty days. The money was not paid, and on July 12, 1944, McCabe filed complaint in the justice of the peace court. Summons was served, returnable at 10:00 a. m. on July 24th. On the return day

McCabe appeared at 10:00 a. m., and announced that he desired to dismiss the action, so that he could refile the cause in the circuit court. The justice of the peace advised that the hearing would be delayed until 1:00 p. m. McCabe was to return at that time, but he was delayed about 30 minutes, and did not reappear before the justice of the peace until 1:30 p. m. In the meantime (at 1:00 p. m.) Jordon appeared, and—finding McCabe absent—moved to have the case dismissed for want of prosecution. The justice of the peace stated that he would enter a judgment dismissing the case, so Jordon left. Then at 1:30 p. m. McCabe returned, and assisted the justice of the peace in writing the judgment, which was entered and signed by the justice, and which—omitting previous portions— stated that the plaintiff's "case is dismissed without prejudice, at cost of plaintiff."

There were no further proceedings in the justice court, but on the same day (July 24, 1944) McCabe filed this present action against Jordon in the Marion Circuit Court for the $300 due as aforesaid. In the circuit court Jordon pleaded the dismissal in the justice of the peace court as *res judicata*; claiming that the justice of the peace judgment was to be entered as a dismissal "for want of prosecution" rather than "without prejudice," as the justice court record showed.

There were other issues in the trial in the circuit court, but at the conclusion of all the evidence each side asked for an instruced verdict and no other instruction. Thereupon the court directed a verdict for McCabe. On this appeal Jordon has waived all questions except the plea of *res judicata,* and relies most strongly on the case of *Browne-Hinton Wholesole Grocery Co.* v. *Grubbs,* 172 Ark. 796, 291 S. W. 65. In that case we held that when a cause of action was dismissed in a municipal court or justice of the peace court "for want of prosecution," and such dismissal was never set aside, then the said judgment of dismissal prevented the institution of another suit in the justice court on the same cause of action, unless § 6448 of Crawford & Moses' Digest (now § 8410, Pope's Digest) was followed. We there stated and decided the

question: "The only question for decision by this court is whether a plaintiff who files a suit before a justice of the peace, or a municipal court with the jurisdiction of a justice of the peace, such as the municipal court of Fort Smith, and suffers a dismissal of such suit for failure to prosecute, may refile or institute and prosecute another suit on the same cause of action and ignore § 6448 of Crawford & Moses' Digest. We hold that he cannot."

We hold that the Browne-Hinton case is not applicable to the case at bar. There is no occasion at this time for us to comment on the holding in the Browne-Hinton case, *supra*, as compared with the holding in such cases as *Jernigan* v. *Pfeifer Bros.*, 177 Ark. 145, 5 S. W. 2d 941, and *Floyd* v. *Skillern*, 121 Ark. 454, 181 S. W. 298, as to whether a dismissal for want of prosecution is the same as a voluntary nonsuit, because, quite independent of this question, there are two reasons why the Browne-Hinton case does not apply to the case at bar. We discuss these reasons.

I. *The Justice of the Peace Judgment in the Case at Bar Was a Dismissal "Without Prejudice" and not a Dismissal "For Want of Prosecution."* The justice of the peace introduced in evidence in the hearing in the circuit court the judgment he actually entered, and that judgment stated that the plaintiff's "cause is dismissed without prejudice, at cost of plaintiff." Section 8372 of Pope's Digest provides that all the proceedings prescribed for the circuit court "as far as the same are applicable and not herein changed, shall be pursued in justices' courts." Section 1485 of Pope's Digest provides "An action may be dismissed without prejudice to a future action: first, by the plaintiff before the final submission of the case . . ." We have repeatedly held that where the plaintiff dismisses his suit before final submission, then the order of dismissal is not *res judicata* in a subsequent suit involving the same parties and issues. *Baughman* v. *Overton*, 183 Ark. 561, 37 S. W. 2d 81. Therefore, since the record of the justice of the peace shows that the action was dismissed "without prejudice,"

and since such a dismissal is not *res judicata,* it follows that the trial court correctly instructed against Jordon.

II. *The Justice of the Peace Judgment as Introduced Could Not be Impeached Collaterally.* Jordon urges that the judgment as written by the justice of the peace was not the judgment that the justice had agreed to render; and that the judgment actually agreed to be rendered by the justice was a dismissal "for want of prosecution." On this question, the justice of the peace testified in the circuit court that at the time he rendered the judgment, it was his real and announced intention to dismiss the case before him in such a way that the cause could be refiled in the circuit court. Considerable evidence was heard in the circuit court as to the kind of judgment the parties understood would be entered in the justice court; but all of this evidence might have been held incompetent, since it constituted a collateral attack on the judgment as actually entered by the justice of the peace. In 35 C. J. 684, the rule is stated: "Where a justice has jurisdiction of the subject matter of an action and of the parties, his judgment is no more subject to collateral attack than the judgment of courts of general jurisdiction." This court specifically decided that point in *Carroll* v. *Waddell,* 180 Ark. 667, 22 S. W. 2d 395, and made reference to other cases.

That the oral testimony was an attempt to impeach the justice of the peace judgment as entered is clearly shown by the cases of *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10, and *Brooks* v. *Baker,* 208 Ark. 654, 187 S. W. 2d 169. Jordon could not, in a collateral attack, offer evidence to vary the judgment of the justice of the peace as entered. If Jordon felt aggrieved because the justice of the peace judgment as entered was not what he understood the judgment to be, then he should have filed a motion in the justice of the peace court to correct the judgment by order *nunc pro tunc.* Such procedure was discussed in the case of *Brooks* v. *Baker, supra,* and also in the case of *Mitchell* v. *Federal Land Bank,* 206 Ark. 253, 174 S. W. 2d 671. Jordon failed to pursue that, or any other, proper remedy to reform the judgment to have

it comport with his understanding. The judgment of the justice of the peace dismissing the action "without prejudice" stands as the judgment of that court until it is set aside; and the testimony offered by Jordon in the circuit court constituted a collateral attack on that judgment.

It follows that the circuit court correctly denied the appellant's plea of *res judicata,* and the judgment of the circuit court is in all things affirmed.