Earlene SIMS *v.* INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY

78-90                                              571 S.W. 2d 435

Opinion delivered October 9, 1978
(Division I)

*David J. Potter,* of *Potter & Potter,* for appellant.

*Atchley, Russell, Waldrop & Hlavinka,* by: *Charles M. Bleil,* for appellee.

GEORGE ROSE SMITH, Justice. The question here is whether the terms of a partial release of the plaintiff's cause of action precluded her from taking a voluntary nonsuit and filing a second complaint upon the unreleased portion of her cause of action.

In the original suit, numbered Civ-75-42, Earlene Sims alleged that she had sustained a $3,049.75 loss, consisting of property damage and medical expense, as a result of an accident involving her car. She alleged that two of the defendants, Pierce and Landrum, insurance agents, had failed to obtain insurance coverage for her upon the car, as they had agreed to do. She alleged that the third defendant, Indiana Lumbermens Mutual Insurance Company, had actually issued a policy of insurance, which had been lost. Mrs. Sims sought to recover the amount of her loss from each of the three defendants, plus interest, penalty, and attorney's fee from Indiana Lumbermens.

It appears that the two insurance agents were protected by errors-and-omissions policies. They elected to settle the case by paying the claim in full. The settlement was also to release Indiana Lumbermens, except that Mrs. Sims wanted to preserve her claim against that company for interest, penalty, and attorney's fee. To that end the attorney for the two insurance agents prepared a release, signed by Mrs. Sims, which presents the key issue on this appeal.

The first paragraph of the release acknowledged receipt

of $3,049.75 in full satisfaction of Mrs. Sims's claims against the two insurance agents. The instrument then continued with these two paragraphs:

The considerations aforesaid are also received in full settlement of an action, to the extent to which it pertains to James C. Pierce and Bernie Landrum, which Earlene Sims filed in the Circuit Court of Miller County, Arkansas, said suit styled: *Earlene Sims* vs. *James C. Pierce and Bernie Landrum, d/b/a Bernie Landrum Insurance Agency,* and appearing as No. Civ.-75-42 on the docket thereof, and Earlene Sims hereby directs her attorney, David J. Potter, to dismiss such action as it pertains to James C. Pierce and Bernie Landrum, both individually and d/b/a Bernie Landrum Insurance Agency, *with prejudice.* Further, it is understood and agreed by Earlene Sims that the aforementioned considerations are also received in full settlement of the property damage and medical claims made by her in the aforementioned civil action as it pertains to Indiana Lumbermen's Mutual Insurance Company except those plead[ed] against that company in the pleadings in the aforementioned case for penalty, interest and attorney's fees. Further, Earlene Sims understands and relies upon the agreement of James C. Pierce, Bernie Landrum and Indiana Lumbermen's Mutual Insurance Company to pay all costs of Court incurred by her in the aforementioned lawsuit.

It is understood and agreed that the considerations aforementioned are not the admission of liability on the part of James C. Pierce, Bernie Landrum or Indiana Lumbermen's Mutual Insurance Company, but on the contrary are the compromise of the liability which is expressly contested, disputed and denied. [Italics not added.]

The release was signed by Mrs. Sims on April 26, 1976. On April 30 she dismissed her case as to the two insurance agents, with prejudice. The trial of the case as to Indiana Lumbermens was held on June 17, but at the close of the plaintiff's proof she was permitted to take a voluntary nonsuit. Less than a month later she filed a new complaint

against the insurance company, seeking to recover only the items of interest, penalty, and attorney's fee. That case was numbered Civ-76-133. In the course of the trial the court's attention was directed to the terms of the partial release. The court, without considering the case on its merits, held that the language of the release authorized Mrs. Sims to recover only in Case No. Civ-75-42. Since a voluntary nonsuit had been taken in that case, the court entered a judgment for the defendant insurer.

We disagree with the court's reasoning. The language of the release, which we have quoted, did refer to Case No. Civ-75-42, but it was evidently done merely to identify the controversy that was being settled and the lawsuit that was to be dismissed, with prejudice, as to the two insurance agents. We find nothing whatever in the language of the release binding Mrs. Sims to pursue her case against Indiana Lumbermens only in Case No. Civ-75-42, without regard to our voluntary nonsuit statute. That statute permits a plaintiff to take a voluntary nonsuit and to proceed with the case by means of a second complaint. Ark. Stat. Ann. § 27-1405 (Repl. 1962); *Jordon* v. *McCabe,* 209 Ark. 788, 192 S.W. 2d 538 (1946). In substance, the second suit is simply a continuation of the first one. To sustain the insurance company's present contention would be to give effect only to the form of the litigation and to disregard its substance. What we have is actually one continuing course of litigation, not two.

The insurer also argues that the penalty and attorney's fee cannot be recovered in any event, because Mrs. Sims is no longer able to recover her basic claim of $3,049.75. Such a holding would give no effect at all to the parties' recognition that Mrs. Sims expressly excepted from the release her claims for penalty, interest, and attorney's fee. The appellee's argument would nullify that language, which of course was not meant to be meaningless.

There is also a minor question about costs. In taking this appeal Mrs. Sims designated a partial record. The appellee designated additional documents for inclusion, which the appellant now argues to have been an unnecessary expense. Perhaps so, as it turns out, but the trouble is that the appellant, in designating an abbreviated record, failed to file

the required statement of the points to be relied on. Ark. Stat. Ann. § 27-2127.5 (Repl. 1962). In the circumstances the appellee was left in the dark and would have acted at its peril if it failed to designate something that might prove vital to its position. *Southern Farmers Assn.* v. *Wyatt,* 234 Ark. 649, 353 S.W. 2d 531 (1962). Thus the appellant, having brought about the difficulty, is not in a position to ask for additional costs.

Reversed and remanded.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.