## POLK *v.* STEPHENS.

### Opinion delivered May 10, 1915.

1. BANKRUPTCY—DISCHARGE OF DEBT—SUBSEQUENT ORAL PROMISE TO PAY.—An oral promise to pay a debt which has been discharged by proceedings in bankruptcy, is not binding on the promisor. (Kirby's Digest, § 3655).

2. BANKRUPTCY—DISCHARGE—PARTIAL PAYMENT.—A partial payment on a debt discharged in bankruptcy is not sufficient evidence of a new promise to pay, to revive the debt.

3. BANKRUPTCY—DISCHARGE—PARTIES JOINTLY LIABLE.—The rights of a creditor against third parties liable jointly with the bankrupt or secondarily for him, are not impaired by the bankrupt's adjudication nor by the bankrupt's discharge.

4. BILLS AND NOTES—SURETIES—LIMITATIONS.—Where more than five years elapsed between the last payment on a note and the date action thereon was commenced against the principal and sureties, the claim against the sureties is barred by limitations.

5. BANKRUPTCY—DISCHARGE—PROMISE TO PAY.—The obligation of a debtor to pay a debt discharged by bankrupt proceedings rests solely upon a new promise by him to pay the debt.

6. BANKRUPTCY—DISCHARGE—PART PAYMENT—LIABILITY OF SURETIES.— A. executed a promissory note as principal with B. and C. as

sureties. The note became barred by limitations as to B. and C. and was discharged as to A. by proceedings in bankruptcy. Thereafter A. made a payment on the note. *Held,* the part payment by A. would not prevent the operation of the statute of limitations from barring the debt as to B. and C.

Appeal from Clay Circuit Court; *W. J. Driver,* Judge, affirmed.

*G. B. Oliver,* for appellants.

1. A discharge in bankruptcy of one obligor does not discharge the others. Bankruptcy Act 1898, section 16a; 5 Cyc. 401, and note 50.

2. The oral promise to pay the debt after discharge was sufficient to revive the debt. 27 Ark. 619; 33 *Id.* 651; *Ib.* 84; 44 *Id.* 108. Since these decisions our Legislature has enacted section 3655, Kirby's Digest. This is very similar to section 5079. Under these a verbal promise is not sufficient, but a payment after the debt is barred revives the debt. 20 Ark. 293; 10 *Id.* 108.

Nowhere has it been held that a part payment *and* promise are not sufficient to revive a debt barred by bankruptcy.

*F. G. Taylor,* for appellees.

1. 19 Ark. 693, while not expressly overruled by our Supreme Court, is against the great weight of authority. 25 Cyc. 1390, and cases cited; 10 Ark. 117.

2. Part payment is not sufficient to revive the debt. 25 .Cyc. 1368, note, Kirby's Digest, § § 3655, 5079; 20 Ark. 171; 10 *Id.* 638; 19 Cyc. 321-2; 22 Ark. 112; 66 Ark. 287.

HART, J. On the 28th day of June, 1914, W. D. Polk and others under the firm name of the Bank of Success instituted this action before a justice of the peace against William Stephens, J. R. Shively and Joe McCracken to recover on a promissory note.

The defendants Shively and McCracken interposed the plea of the statute of limitations; and the defendant Stephens pleaded his discharge in bankruptcy as a defense to the action. Judgment was rendered in favor

of the defendants in the justice of the peace court and an appeal was taken to the circuit court. There the cause was submitted to the court sitting as a jury upon an agreed statement of facts as follows:

"It is agreed by the parties hereto that on June 7, 1905, defendants, Wm. Stephens, J. R. Shively and Joe McCracken executed to the Bank of Success a note for $150 due on the 6th day of August, 1905, and bearing interest from date until paid at the rate of 10 per cent per annum; that Wm. Stephens was the principal in said note and Joe McCracken and J. R. Shively were sureties on same, which fact was known to plaintiffs at the time of execution and delivery of said note to them; that Wm. Stephens made payments on said note as follows: September 26, 1905, $6.25; December 11, 1905, $3.75; February 17, 1906, $3.75; May 14, 1906, $3.75; September 22, 1908, $7.50; March 3, 1913, $1.00; that on the 10th of March, 1908, Wm. Stephens was discharged in bankruptcy and the note sued on was included in his schedule of liabilities in said bankrupt proceedings. At the time Stephens made the payment of $1 on March 3, 1913, he orally promised to pay the balance on the note sued on."

The circuit court found that as to McCracken and Shively the action was barred by the statute of limitations; and as to the defendant Stephens, by his discharge in bankruptcy. Judgment was entered in favor of the defendants and the plaintiffs have appealed.

It is the contention of counsel for plaintiffs that the payment by the defendant Stephens of $1 on March 3, 1913, had the effect of reviving the debt against him and of preventing the statute of limitations from running against the defendants Shively and McCracken.

(1-2) In this contention we do not agree with counsel. Section 3655 of Kirby's Digest provides that no promise to pay a debt or obligation which has been discharged in bankruptcy shall be valid unless such promise is in writing. The promise made by Stephens was an oral one and on that account did not have the effect

of reviving the debt against him. Because the promise can not be implied or inferred it has been generally held that partial payments on a debt discharged in bankruptcy are not sufficient evidence of a new promise to pay, to revive the debt. Remington on Bankruptcy, (2 ed.), volume 3, sec. 2716; *Needham* v. *Matthewson,* 81 Kan. 340, 19 Amer. & Eng. Ann. Cas. 146, and case note, 26 L. R. A. (N. S.) 274, and case note; *Merriam* v. *Bayley,* 1 Cush. (Mass.) 77, 48 Amer. Dec. 591.

It follows that the oral promise of Stephens to pay the note, and the part payment by him of one dollar, did not have the effect of reviving the debt against him and the court properly held that the plaintiff's cause of action against him was barred by the discharge in bankruptcy.

(3) The rights of the creditor against third parties liable jointly with the bankrupt or secondarily for him are not impaired by the bankrupt's adjudication nor by the bankrupt's discharge. Remington on Bankruptcy, second edition, volume 2, section 1510.

(4) More than five years elapsed between the last payment on the note and the date on which this action was commenced. Therefore, as to Shively and Mc-Cracken, the court properly sustained their defense of the plea of the statute of limitations.

Counsel for the plaintiffs contend that the payment made by Stephens on the 3d day of March, 1913, after his discharge in bankruptcy, operated to prevent the statute running against Shively and McCracken; and in support of their contention they cite the case of *Hicks* v. *Lusk,* 19 Ark. 692, where the court held that a part payment by one of the several contractors, or partners, before the bar of the statute of limitations had attached, forms a new point from which the statute begins to run as to all.

The holding in that case proceeded upon the theory that the person making the payment was agent for his co-obligors, and has no application to the facts of the present case.

(5)    Although the moral obligation to pay the discharged debt by a bankrupt is a sufficient consideration for a promise to pay, the cause of action rests upon the new promise and not upon the old debt.

(6)    As we have already seen the part payment made by Stephens was not sufficient evidence of a new promise to pay on his part; and even if it had been sufficient evidence of a promise to pay on his part, the cause of action against him would rest upon the new promise and not upon the old debt. The defendants Shively and McCracken were only liable on the old debt and on that account the part payment by Stephens, after his discharge in bankruptcy, could not have the effect of preventing the statute of limitations from running as to Shively and McCracken.

It follows that the judgment will be affirmed.