## MEISNER *v.* PATTEE.

### Opinion delivered February 1, 1926.

1. LIMITATION OF ACTIONS—JOINT CONTRACTORS—ACKNOWLEDGMENT.—Under § 6966, Crawford & Moses' Digest, a joint contractor is not bound by a written acknowledgment or promise made and signed by the other joint contractor, so as to stop the running of the statute of limitations.

2. LIMITATION OF ACTIONS—JOINT CONTRACTORS—PAYMENT.—Under § 6966, Crawford & Moses' Digest, providing in effect that a payment by a joint contractor stops the running of the statute of limitations as to the other contractor, the statute refers to a payment that is voluntary, and the application of the proceeds arising from the foreclosure of a mortgage, or the surrender of mortgaged property for foreclosure by a joint contractor, does not stop the running of the statute of limitations as to the other contractor.

3. FRAUDULENT CONVEYANCES—CONVEYANCE TO WIFE.—Where the consideration for a conveyance of land to a married woman was partly money furnished by her and partly a gift to her from

a brother-in-law, the fact that, by mistake, the deed was made to her husband and subsequently was conveyed to her by him would not make the land subject to her husband's debts, where there was no permission on her part for him to hold himself out as the owner of the property.

Appeal from Union Chancery Court, First Division; *J. Y. Stevens,* Chancellor; reversed.

*McNalley & Sellers,* for appellant.

*Henry Stevens,* for appellee.

McCULLOCH, C. J. A. L. Meisner, one of the defendants below, executed a promissory note to appellee on September 5, 1917, for the sum of $1,040, due and payable six months after date with interest at eight per cent. per annum from maturity until paid. The name of appellant A. H. Stolz appears as an indorser on the note. A. L. Meisner also executed to appellee a chattel mortgage on a lot of Holstein cattle to secure payment of the note. There was a foreclosure of the chattel mortgage early in the year 1919, and there was a credit of $241.04 placed on the note, the proceeds of the foreclosure sale. Appellee contends that the credit on the note is not sufficiently identified as being the proceeds of the mortgage, and that this credit represents another and voluntary payment, but we are of the opinion that it is fairly inferable from the testimony that this credit represents the proceeds of the foreclosure of the mortgage. No one testified that any other payment was made. This was all that was paid on the note, and on October 12, 1923, appellee instituted this action in the chancery court of Union County against A. L. Meisner and appellant A. H. Stolz to recover the amount of the unpaid balance on the note, and also against appellant Hattie W. Meisner, wife of A. L. Meisner, to set aside a conveyance of real estate made by the latter to the former, which is alleged to have been done to defraud creditors.

All of the defendants answered, pleading the statute of limitation on the note. Appellant Stolz also denied that he had personally signed the note as an indorser, but alleged that, on the contrary, the indorsement was

by a corporation called the "Realty & Colonization Company," of which he was secretary, and that he signed his name intending merely as secretary to certify to the signature of the corporation. He prayed for affirmative relief in the reformation of the form of indorsement so as to show that he signed merely in his official capacity and not individually. Appellant Hattie W. Meisner answered denying that the conveyance of land to her by her husband was fraudulent, but alleged on the contrary that the property was purchased with her own funds, and that it originally belonged to her.

On final hearing, the court rendered a personal judgment in favor of appellee, against Stolz and A. L. Meisner for the amount of the unpaid balance of the note, and also rendered a decree against Mrs. Meisner setting aside the conveyance of land to her by her husband and subjecting the land to the payment of appellee's debt. A. L. Meisner has not appealed, but appeals have been prosecuted both by Hattie W. Meisner and A. H. Stolz.

So far as concerns the appeal of Stolz, we have reached the conclusion that his plea of the statute of limitation ought to have been sustained. It is therefore unnecessary to discuss the other defense which he tendered. The note in suit fell due on March 5, 1918, at which time the statute of limitation began to run, and this action was not instituted until October 12, 1923; hence, on the face of the note, it is barred by the statute of limitation. It is not contended that Stolz himself did anything to interrupt the running of the statute, but the contention is that there was a voluntary payment of the proceeds of the chattel mortgage made by Meisner, and also a written acknowledgment of the existence of the debt made by him, both of which interrupted the statute of limitation, not only as to himself but also as to Stolz, who was jointly and severally liable with him. This contention is based upon a letter written to appellee on January 13, 1919, by A. L Meisner, as follows:

"I wish to advise you that, as I am unable to pay the note which you hold for the Naponee Nebraska Bank, also mortgage you hold showing Holstein cattle as security. I am ready to let you have the Holstein cattle except those which have died since the mortgage was made in September, 1917. After Monday, February 3, I will not be held responsible for them or their feed, as I am unable to care for them."

Conceding, without deciding, that the language of this letter was sufficient to constitute an unequivocal acknowledgment of the subsisting obligation, so as to interrupt the running of the statute as to the writer of the letter (*Morris* v. *Carr,* 77 Ark. 228), the acknowledgment did not serve to interrupt the running of the statute in favor of Stolz. We have a statute on this subject, which reads as follows:

"Section 6966. No joint contractor or executor shall lose the benefit of this act by reason of any written acknowledgment or promise made and signed by any of the other joint contractors or executors. Nothing in this section contained shall be so construed as to alter, take away or lessen the effect of any payment of any principal or interest made by any person whatever on any such joint contract." Crawford & Moses' Digest.

It is plain under the terms of this statute that appellant Stolz was not bound by the acknowledgment of the debt made by Meisner. He was, however, under the terms of the statute, bound by any payment on the debt made by his joint obligor, and the further question to be determined is whether or not the crediting of the proceeds of the sale of the mortgaged property amounted, under the circumstances, to a voluntary payment by one of the obligors. It is settled by practically unanimous authority that the application of the proceeds arising from the foreclosure of a mortgage does not interrupt the running of the statute of limitation. Note to 25 A. L. R. 62. We do not think that the facts in this case take it out of the doctrine announced above, for the let-

ter was a mere surrender of the property for foreclosure under the mortgage. It was not, either in form or substance, a voluntary payment on the debt, so as to interrupt the running of the statute of limitation. That being so, the debt was barred as against Stolz, and his plea of the statute of limitation should have been sustained.

The facts with respect to the ownership of the tract of land in controversy are, according to the great preponderance of the evidence, as follows: The tract contains eighty acres of land, situated in Union County, and was purchased from the Realty & Colonization Company, a corporation. There was a cash payment of $400 made by Mrs. Meisner, and the vendor made a conveyance to A. L. Meisner, reserving a lien for the balance of the purchase price. According to the testimony adduced, the conveyance made to A. L. Meisner was made erroneously to A. L. Meisner, instead of his wife. Subsequently, appellant A. H. Stolz, who was a brother-in-law of Mrs. Meisner, acquired control of the corporation, and he released the debt against the land in consideration that A. L. Meisner would convey it to his wife, which was done. We are of the opinion that, under these circumstances, the conveyance was not fraudulent, and that the court was in error in setting it aside. The proof was sufficient to establish the fact that the land was in fact the property of Mrs. Meisner, and that it was conveyed to her in good faith by her husband to correct the error in the original conveyance, and for the purpose of carrying out the agreement with Stolz, which constituted a sufficient consideration for the conveyance. The circumstances are the same as if the property had been a gift from Stolz to Mrs. Meisner. Nor can it be said under the circumstances that the effect of the transaction was a permission on the part of Mrs. Meisner for her husband to hold himself out as the owner of the property so as to bring the case within the doctrine of *Driggs & Co.'s Bank* v. *Norwood,* 50 Ark. 42, and like cases which followed it.

The decree of the chancery court is therefore reversed as to appellants Hattie W. Meisner and A. H. Stolz, and the cause remanded with directions to dismiss appellee's complaint for want of equity as to them.