SMITH *v.* FARMERS' & MERCHANTS' BANK.

Opinion delivered February 16, 1931.

236

238

*Dyer & Dyer,* for appellant.

*Wm. U. McCabe,* for appellee.

KIRBY, J., (after stating the facts). The note, for payment of which the guaranty contract was alleged to have been executed, was due according to its terms 60 days after its date of January 6, 1920, long before the execution of the alleged guaranty contract on November 24, 1920. The liability of the guarantor was unconditional and absolute at the time of the execution of the guaranty contract, the principal debtors having failed to pay the note or obligation at maturity, for the payment of which the guaranty contract was made, and a cause of action accrued against the guarantor upon the execution thereof. *Bank of Morrilton* v. *Skipper-Tucker Co.,* 165 Ark. 49, 263 S. W. 54; *First National Bank of Helena* v. *Solomon,* 170 Ark. 555, 280 S. W. 659.

Summons was not issued against appellant in the suit brought August 5, 1927, until August 3, 1929, and, even if the payment of the interest had the effect to make a new date for the beginning of the statute of limitations to run, November 1, 1923, there had elapsed between that date of such payment and the issuance of the summons more than 5 years and 9 months. The action was not commenced against appellant, of course, until the issuance of the summons. *Jernigan* v. *Pfeifer,* 177 Ark. 145, 5 S. W. (2d) 941; *Clemmons* v. *Davis,* 163 Ark. 452, 260 S. W. 402; *Hollum* v. *Dickerman,* 47 Ark. 120, 14 S. W. 477. There was no proof, however, showing that the partial payment or the payment of interest credited on the note was made by appellant or any one for him. The evidence shows only that it was made by E. Taylor, a stranger to the whole transaction, so far as the record discloses, and it could not operate therefore to arrest

the running of the statute of limitations and form a new period from which the statute should be computed, so far as the liability of appellant was concerned. Even if such payment was made out of the proceeds of the sale of the mortgaged property, alleged to have been delivered to appellant, it could not operate as a voluntary payment which would form a new period from which the statute of limitations should run under the circumstances of this case. *Taylor* v. *White,* 182 Ark. 433, 31 S. W. (2d) 745.

The undisputed testimony shows that appellant did not leave the State until in the fall of 1921, more than 10 months after the cause of action against him accrued; the bank, appellee, having cashed his last check upon its presentation by appellant on October 6, 1921, as stated by Morris, its cashier. His testimony is undisputed that he had enough money in the banks, appellee and another bank in the county, to more than pay all his obligations, and enough money in appellee bank to purchase a farm in Missouri, which the cashier of appellee bank was trying to sell him prior to his removal from the State, knowing at the time that he contemplated such removal. His testimony is also undisputed that he asked Mr. Eatman, the cashier of the bank, what should be done with the team of mules that had been mortgaged to the bank, and which he had in his possession, having attempted to sell them for the bank and received an offer of $190, which the bank declined to accept, and was told by Mr. Eatman to put them in a certain pasture, which was done. His leaving the State was openly done and publicly known, and his intention to leave was also known to the officers of the appellee bank before his departure. He was not an absconding debtor within the meaning of the statute of limitations. Section 6974, Crawford & Moses' Digest; *Rock Island Plow Co.* v. *Masterson,* 96 Ark. 447, 132 S. W. 216; *Keith* v. *Hiner,* 63 Ark. 244, 38 S. W. 13.

According to the principles announced, it follows that the court erred in holding the claim of appellee not barred by the statute of limitations, the undisputed tes-

timony showing such to be the case. The judgment is reversed, and the cause will be dismissed. It is so ordered.