## BANK OF SEARCY *v.* KROH.

4-4971

Opinion delivered March 7, 1938.

*Culbert L. Pearce,* for appellant.

*T. E. Abington* and *Gordon Armitage,* for appellees.

MEHAFFY, J. This action was begun on February 9, 1937, by the appellant to foreclose mortgages given to

secure a promissory note of $350 dated July 27, 1936, and all other indebtedness.

On May 26, 1931, the appellees were indebted to appellant and executed a promissory note for the sum of $2,500. Some payments were made on the note and on April 11, 1932, appellee, E. H. Kroh, filed petition in bankruptcy and listed this claim. On June 27, 1932, he was discharged of all debts listed in the bankruptcy court, including appellant's note of $1,750, the $2,500 note having been reduced to that amount. On July 27, 1936, the appellees became indebted to the appellant in the sum of $350 for borrowed money, and executed their promissory note due and payable December 1, 1936, with interest from date until paid at the rate of 10 per cent. per annum, and to secure the payment of said indebtedness executed and delivered to appellant a deed of trust conveying an undivided one-fourth interest in the northeast quarter of section 13, township 20, range 16 east, in Coffey county, Kansas. The deed of trust contained the following clause:

"It is also understood and agreed that the foregoing conveyance shall stand as security for the payment of any extensions or renewals of the whole or any part of said indebtedness whether evidenced by indorsement or the above-mentioned obligation or by the execution of new evidence of indebtedness in lieu thereof; also as security for the payment of any other liability or liabilities of the grantor already or hereafter contracted to the Bank of Searcy not to exceed ten thousand dollars, until the satisfaction of this mortgage upon the margin of the record thereof together with ten per cent. interest."

It is alleged that on the same day, and as a part of the same transaction, and for the same purpose, the appellees executed to appellant another deed of trust conveying to T. A. Watkins, as trustee, certain personal property located in White county, Arkansas, the property then being described. This deed of trust contained the same provision quoted above. It is alleged that at the time of these conveyances the appellees were indebted to appellant on another note for $1,750 dated May 26, 1931, and bearing interest from date at the rate of 10 per cent. per annum, on which had been paid $259. Ap-

pellant further alleged that at the time appellees made application for said second loan they proposed and agreed that said conveyance should be and operate as security for said prior indebtedness and that said proposal and offer was a part of the consideration and an inducing cause for appellant to make said loan. It is alleged that appellees have recently paid the indebtedness evidenced by the note dated July 27, 1936, but refused to pay the indebtedness evidenced by the note dated May 26, 1931.

Appellant prayed judgment for $2,640.44 and for costs, and that said judgment be declared a lien upon the lands and personal property described in the mortgages.

Appellees answered, admitting the execution of the note for $350 and the mortgages to secure the payment of said note, but denied being indebted to the appellant; they denied that the mortgages were intended as security for any other indebtedness. Appellees admit the execution of the other note, but pleaded that it is barred by the statute of limitations; also that E. H. Kroh filed a petition in bankruptcy, listed this claim, and that he was by the bankruptcy court discharged of all debts listed, including appellant's note; that the credit of $259.81 made on said note was the proceeds of a dividend check issued to the appellant by the referee in bankruptcy as a first and final dividend on its claim on said note; that said credit was not a voluntary payment made by appellees and does not toll the running of the statute of limitations, and, since said payment was not voluntary, said note is barred by said statute.

Appellee M. L. Kroh filed separate answer, alleging that the $1,750 note sued on was the sole and separate indebtedness of appellee, E. H. Kroh; that she signed it only as an accommodation indorser; that appellee knew and understood these facts to be true. She further alleged that said note matured September 26, 1931; that no payments of any kind were made thereon by her, and that the only credit is $259.81, which was made by the trustee in bankruptcy from the sale of the assets of appellee, E. H. Kroh. She pleads full payment of the $350 note, and

pleads the statute of limitations and statute of frauds in bar of the indebtedness evidenced by the first note.

The testimony tended to show that the appellees borrowed money as claimed by the appellant; that this $1,750 note was listed in the bankruptcy court; that appellee, E. H. Kroh, was discharged in bankruptcy, and afterwards the $350 which had been paid, and that Kroh had told the president of the bank that he intended to pay the old debt if he ever could.

The chancery court entered a decree in favor of the appellees and dismissed the complaint for want of equity, canceled the mortgages, and the case is here on appeal.

Appellant argues, first, that the mortgages are sufficient to include and secure the antecedent indebtedness. There is practically no dispute about the facts, and it is not disputed that Kroh was discharged in bankruptcy from all of his listed debts, including the debt sued on.

Section 6060 of Pope's Digest reads as follows: "No promise to pay a debt or obligation which has been discharged in bankruptcy shall be valid unless the promise is in writing." It is not contended that there was any written promise to pay the debt, unless the provision in the mortgage was such promise.

"While no particular form of words is necessary in order to constitute an effective new promise to pay a debt barred by a discharge in bankruptcy, yet it is required that the promise shall be clear, distinct, and unequivocal, as well as certain and unambiguous." Fourth Edition, Black on Bankruptcy, 1558.

The same author also says: "And in any case there must be a clear and certain identification of the particular debt which the bankrupt has in mind and means to revive." Black on Bankruptcy, 1560.

This court has said, in speaking of the contention of one of the parties that a payment revived the debt: "In this contention we do not agree with counsel. Section 3655 of Kirby's Digest provides that no promise to pay a debt or obligation which has been discharged in bankruptcy shall be valid unless such promise is in writing." *Polk* v. *Stephens,* 118 Ark. 438, 176 S. W. 689.

This court said recently: "The case of *Lightle* v. *Rotenberry* is also authority for holding here that the intention of the parties at the time of the execution of the mortgage, as expressed by the language there employed, governs, and that this purpose cannot be enlarged by any contemporaneous parol or subsequent agreement that it should secure any indebtedness other than that referred to in the mortgage." *First National Bank of Corning* v. *Corning Bank & Trust Company,* 168 Ark. 17, 268 S. W. 606.

In the mortgages involved in this suit there is no clear, distinct and unequivocal promise to pay any particular debt. The particular debt is not mentioned.

Where a mortgage is given to secure a specific debt named, the security will not be extended as to antecedent debts unless the instrument so provides and identifies those intended to be secured in clear terms and, to be extended to cover debts subsequently incurred, these must be of the same class and so related to the primary debt secured that the assent of the mortgagor will be inferred. The reason is that mortgages, by the use of general terms, ought never to be so extended as to secure debts which the debtor did not contemplate. It would be an easy matter to describe the nature and character of the debt so that the debtor and third parties may be fully advised as to the extent of the mortgage. *Hendrickson* v. *Farmers' Bank & Trust Company,* 189 Ark. 423, 73 S. W. 2d 725.

It is next contended by the appellant that the credit made by the trustee in bankruptcy was sufficient to keep the debt alive as to the other obligor. In other words, it is contended that, although E. H. Kroh might have been discharged by the bankruptcy court from this debt, still the payment to the creditor by the bankruptcy court, that is, by the trustee in bankruptcy, would prevent the cause of action from being barred as to M. L. Kroh.

Part payment on a note made from the sale of the bankrupt's property would not stop the statute of limitations from running as to M. L. Kroh. *Smith* v. *Farmers' & Merchants' Bank,* 183 Ark. 235, 35 S. W. 2d 347; *Meisner* v. *Pattee,* 170 Ark. 217, 279 S. W. 787; *Taylor* v. *White,* 182 Ark. 433, 31 S. W. 2d 745; 37 C. J. 1160, § 636.

In the case of *American Woolen Co.* v. *Samuelsohn*, 123 N. E. 154, the court said: "Payment by a trustee in bankruptcy, like a payment by an assignee pursuant to a general assignment, is a duty pointed out by law. Neither his duty nor power includes authority to promise that the bankrupts or assignors will pay the residue of the debt. Such a payment by an assignee under a voluntary assignment for the benefit of the creditors on account of a claim against the bankrupts does not take the case out of the statute of limitations. . . . The same rule applies in the case of a payment by a trustee in bankruptcy."

It was said in the case of *Simpson* v. *Tootle, etc., Merc. Co.*, 141 Pac. 448: "The debt in suit was allowed in the bankruptcy court, and dividends were paid on it by the trustee. Did these payments create a new promise to pay by the bankrupt, thus creating a new point from which the statute would run? The very great weight of authority is that they did not."

The payment by the trustee in bankruptcy was not voluntary payment and could in no event prevent the statute running as to M. L. Kroh.

Action on the note in the bankruptcy court is clearly barred by the statute of limitations, and the decree of the chancery court is affirmed.