In re Larry RUSSELL.

Bankruptcy No. 91–50587S.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

March 7, 1994.

Eric Mejia, DeWitt, AR, for Planters and Merchants Bank.

Larry Russell, pro se.

Walter Dickinson, Trustee, Little Rock, AR.

Frederick Wetzel, Little Rock, AR, for Trustee.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the objection by Planters and Merchants Bank of Gillett (the "bank"), filed on December 10, 1993, to the Trustee's Amended Notice of Intent to Distribute Funds. The trustee and the bank submitted a stipulation of facts on February 3, 1994; the bank submitted a brief.

Although the bank filed three claims in this bankruptcy case, only two of the claims are at issue in this contested matter. On September 25, 1989, the debtor signed a "Combination Plain Language Note, Disclosure & Security Agreement," the debtor obtaining a loan in the amount of approximately $9,000 and the bank taking security interest in a 1981 Layton 35′ Camper Trailer. On June 17, 1991, the debtor obtained another loan from the bank, signing a similar note and security agreement. With these funds, the debtor purchased a 1989 Ford Pick-up Truck. Both of these agreements contained the following provision:

> The security interests in the property which I granted to Bank on the front side hereof will secure the amount owed as well as any other debt I owe to Bank now or hereinafter, except that it will not secure any such other debt if Bank has not given any disclosure of the existence of this security interest which are required to be made with respect to such other debt.... I also

agree that any existing or future agreement securing any such other debt I owe the Bank will also secure the payment of the amount owed * * * *

In December 1991, the debtor filed a Chapter 13 petition in bankruptcy; the case was converted to a case under Chapter 7 in June 1992.

In October 1992, the bank obtained relief from stay, and, thereafter, sold the two items of collateral described above. The sale of the pick-up truck brought a deficiency. There was a surplus of $4,832.21 on the sale of the camper, $2,696.71 of which was previously distributed to the debtor. The bank now seeks the remainder of the funds, $2,135.50.[1]

■ The bank's first argument is that it had cross-collateralized the notes such that it is entitled to the surplus proceeds on the sale of the camper. The law is well-settled in Arkansas that the language in the notes, stated above, does not serve as cross-collateralization of the notes in this consumer context. Long ago, the Arkansas Supreme Court stated:

> Where a mortgage is given to secure a specific debt named, the security will not be extended as to an antecedent debt unless the instrument so provides and identifies those [antecedent debts] in clear terms, and, to be extended to cover debts subsequently incurred, these must be of the same class and so related to the primary debt secured that the assent of the mortgagor will be inferred.

*Hendrickson v. Farmers' Bank & Trust Co.*, 189 Ark. 423, 73 S.W.2d 725, 729 (1934). *Accord Security Bank v. First National Bank*, 263 Ark. 525, 565 S.W.2d 623 (1978); *Bank of Searcy v. Kroh*, 195 Ark. 785, 114 S.W.2d 26 (1938); *In re Ferguson*, 85 B.R. 89 (Bankr.W.D.Ark.1988). *See also* Ark.Code 4–9–204 (1987) (security interest attaches to after-acquired consumer goods only if debtor acquires rights within twenty-one days after the secured party gives value).

Since the bank did not cross-collateralize its loans on the consumer goods, the security interest taken on the pick-up truck did not extend to the camper. Thus, the bank may not claim a secured interest in the surplus proceeds from the camper.

■ The bank next asserts that it is entitled to the $2,135.50 to cover its costs and attorney's fee in selling the camper. While the bank was clearly over-secured such that it is entitled to such costs and fees, the bank has presented no evidence of the amount of the fees. Moreover, although the trustee had abandoned all interest in the two items of collateral, the bank returned the funds to the trustee. If the bank wishes to now be paid from that asset, it must file the appropriate application for payment of such fees. Until such time as a proper motion is made and, an Order entered granting the request, there is no entitlement to payment of the funds. Accordingly, it is

**ORDERED** that the Objection to the Trustee's Notice of Intent to Distribute Funds, filed on December 10, 1993, is denied in part and granted in part. The bank may, within ten (10) days of entry of this Order submit an application for payment of its costs and fees related to the 1981 Layton 35' Camper Trailer. Upon approval of the application, the Planters and Merchants Bank of Gillett shall be paid from the proceeds of the camper, now held by the trustee, with any remainder to be paid to the debtor.

IT IS SO ORDERED.

---

1. The objection actually requests that the bank be given the entire surplus proceeds. Since the debtor has not been sued by the bank to obtain the funds, the matter is not properly before the Court. Indeed, the bank did not even serve the debtor, acting pro se, with a copy of its objection.