**In re Frankie & Betty MANCLE, Debtors.**

No. 2:03–BK–18756.

United States Bankruptcy Court, E.D. Arkansas, Helena Division.

Sept. 14, 2004.

G. Gregory Niblock, Niblock & Associates, Stuttgart, AR, for Debtors.

John D. Bridgforth, Forrest City, AR, Marshall Wright, Sharpe, Beavers & Cline, Forrest City, AR, for First National Bank of Eastern Arkansas.

Rosalind M. Mouser, Ramsay Law Firm, Pine Bluff, AR, for Hillsboro Financial Associates.

David D. Coop, U.S. Bankruptcy Trustee, North Little Rock, AR.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Hillsboro Financial Services Associates ("Hillsboro"), a creditor in this chapter 13 case, has filed an objection to confirmation of the plan and an objection to the trustee's motion and order that allowed the four claims of First National Bank of Eastern Arkansas ("Bank").

In each contested matter, the issue before the Court is whether the Bank holds claims secured by a first mortgage lien in the Debtors' residence. Hillsboro, which holds a second mortgage in the same property, argues that the Bank's mortgage was extinguished by the Bank's subsequent loan to the Debtors that paid off the original loan. Hillsboro's position is that payment of the debt by the Bank's subsequent loan to the Debtors discharged the Bank's mortgage so that Hillsboro's lien has priority and the Bank's four claims are not secured by a first mortgage lien.

If the Court finds the Bank's claims are not secured by a first mortgage lien and sustains the objection to claims, then the objection to confirmation must also be sustained and the plan must be amended to treat Hillsboro's mortgage lien as superior to the Bank's.

After a hearing in Helena, Arkansas, on June 22, 2004, the Court took the matter under advisement.

Jurisdiction is pursuant to 28 U.S.C. §§ 1334 & 157 (2000). The matters before the Court are core proceedings in accordance with 28 U.S.C. § 157(b)(2)(B) & (L) and the Court may enter a final judgment in the case.

## FACTS

Frankie and Betty Mancle ("Debtors") filed this chapter 13 case on July 23, 2003. The facts relevant to a determination of the issue involve various loan transactions between the Debtors and the Bank prior to the bankruptcy filing. On December 11, 1985, the Bank lent the Debtors the principal sum of $14,753.05, repayment of which was secured by a deed of trust granting the Bank a mortgage lien in the Debtors' residence and two acres of land located in Colt, Arkansas.[1]

The mortgage was filed of record on December 17, 1985, and contained the following future advance clause:

The lien of this trust deed ... shall also secure all future advances of every kind and character which the third party [Bank] shall hereafter make to first party, or either of them, [the Debtors] in the latter's capacity either as principal, endorser, guarantor, or otherwise, for whatever purpose said advances are made or used, irrespective of whether they are of the same class as the initial indebtedness described herein, until this trust deed is finally satisfied on the public record.

(Bank's Ex. 5.)

At the hearing on the objections, Sybil May, an employee of the Bank, testified that the 1985 loan was renewed by six subsequent notes on April 1, 1988, for $14,177.41; November 30, 1990, for $14,352.84; April 24, 1992, for $15,837.54; October 24, 1994, for $25,520.95; November 15, 1995, for $33,706.80, and September 16, 1998, for $33,337.42 (hereinafter "1998 Note"). (See Bank's Ex. 9.)

Each note evidenced the remaining indebtedness of the previous note and any additional monies borrowed by the Debtors. According to the Bank's exhibit and testimony, each note was collateralized by the deed of trust on the Debtor's home and acreage by virtue of the future advance clause set out above. These notes were not introduced at trial, and the Bank's witness testified that they are no longer active notes.

On October 22, 2001, the Bank lent the Debtors $37,146.54 as evidenced by Loan 118597 ("2001 Note"). (See Hillsboro Ex.

2.) The 2001 Note recited that repayment was secured by the trust deed and other collateral not at issue in this case. On its face, the note bears a notation that the loan pays off the 1998 Note and two other notes not detailed in the record. Ms. May testified that the Bank uses the term "pay off" and "renewal" interchangeably. She conceded that the Bank could produce no extension or modification agreement to correspond with the 2001 note.

The Bank entered into three other loan transactions with the Debtors in which the funds advanced were entirely new monies. On August 23, 2000, the Debtors borrowed $24,052.35 as evidenced by Loan 112879 ("2000 Note") that was collateralized by the deed of trust. The transaction was designated as a business loan. On July 23, 2002, the Debtors borrowed $2536.07 as evidenced by Loan 122519 ("July 2002 note"). The note indicated that the trust deed was collateral for the loan and that the funds advanced were for personal use. On December 12, 2002, the Debtors borrowed $2021.61 as evidenced by Loan 124521 ("December 2002 Note"). This note also indicated that it was secured by an attached copy of the 1985 deed of trust and that it was made for consumer purposes.

After the Debtors filed for bankruptcy protection, the Bank filed four proofs of claim documented by copies of the 2000, 2001, July 2002, and December 2002 notes detailed above.

## DISCUSSION

Hillsboro argues that when the 1998 Note was paid by the 2001 Note, the mortgage lien was extinguished because there was no longer an underlying indebtedness

---

1. Less than a year later, on September 16, 1986, a predecessor to Hillsboro lent the Debtors $17,500.00. To secure the note, the Debtors granted the lender a mortgage in the same real property in Colt, Arkansas.

remaining from the original 1985 loan. The same argument is apparently the basis for Hillsboro's objections to the proofs of claim based on the 2000, July 2002, and December 2002 Notes.

■ To support its argument, Hillsboro relies on the rule that payment of a debt instantly discharges a mortgage because a mortgage lien is a security device that cannot exist without attaching to a debt. *Peoples Bank v. Burgess*, 57 Ark.App. 68, 72, 942 S.W.2d 264, 266 (1997) (citing *Burnside v. Futch*, 229 Ark. 644, 647, 317 S.W.2d 717, 720 (1958))

■ The Bank counters that the 2001 Note was a renewal note and not a payment in full so that the mortgage was not extinguished. Generally, in the absence of agreement or manifestation of contrary intention, the security of an original mortgage follows the note or a renewal thereof. *Simpson v. Little Rock–North Heights Water Dist.*, 191 Ark. 451, 86 S.W.2d 423, 425 (1935) (where the debt secured by the mortgage has been reduced by partial payments, a new note given in settlement of the balance remaining due will be equally covered by the security).

■ But where there is nothing in the mortgage allowing the extension of its lien to indebtedness other than that represented by the original note, a renewal note for additional indebtedness is not secured by the mortgage in the additional amount. 59 C.J.S. Mortgages § 159. This rule protects the borrower from an unwarranted extension of the lien for subsequent debts not originally contemplated by the parties. *Union Nat'l Bank v. First State Bank & Trust Co.*, 16 Ark.App. 116, 120, 697 S.W.2d 940, 942 (1985)(citing *Bank of Searcy v. Kroh*, 195 Ark. 785 114 S.W.2d 26 (1938); *Security Bank v. First Nat'l Bank*, 263 Ark. 525, 565 S.W.2d 623 (1978); *Hendrickson v. Farmers' Bank & Trust Co.*, 189 Ark. 423, 73 S.W.2d 725 (1934)).

■ However, a borrower may waive this protection by agreement through a future advance clause in a mortgage that expressly extends the mortgage lien to subsequent loans from the lender to the borrower. *Union Nat'l Bank*, 16 Ark.App. at 120, 697 S.W.2d at 942.

Applying these rules to the instant case, the Court notes that Hillsboro's argument as to the 2000 Note is defective on its face since the only evidence in the record is that the 1998 Note was active until paid by the 2001 Note. Even if the Court accepts Hillsboro's argument that the 2001 Note was a payment in full that extinguished the debt and discharged the lien, the 2000 Note preceded the alleged extinguishment.

Moreover, the 2000 Note was specifically collateralized by the deed of trust. The mortgage expressly states that the lien "shall also secure all future advances [from the Bank to the Debtors] ... of every kind and character ... for whatever purpose said advances are made or used, irrespective of whether they are of the same class as the initial indebtedness described ..." (Bank's Ex. 5.) The 2000 Note clearly qualifies as a future advance as defined by the mortgage and is thus secured by the lien.

■ As to the 2001 Note, Hillsboro raises the question of whether that loan actually paid off the 1998 Note rather than serving as a renewal. Assuming that the loan was a renewal of the 1998 Note, it also consolidated debt from two other notes that may not have been collateralized by the mortgage lien. The rule is that a renewal note including additional indebtedness is not secured by the original mortgage in the additional amount unless this protection is waived in the mortgage.

■ In this case, however, the issue of whether the 2001 Note was a renewal or a pay off is not relevant. Even if the 2001 Note paid off the 1998 Note and two other notes, thereby discharging the underlying debt of the 1998 Note, the loan still quali-

fies as a future advance that the parties expressly agreed would be collateralized by the mortgage lien.

Hillsboro contends that *Peoples Bank v. Burgess* dictates a contrary holding. *See Peoples Bank v. Burgess,* 57 Ark.App. 68, 942 S.W.2d 264 (1997). In that case, the borrowers, a married couple, entered into three separate loan transactions with the bank. The first was secured by a mortgage on real property and the other two were collateralized by personal property. Later, the husband entered into another loan transaction in which the principal balance of the loan was equal to the unpaid balances of the three preceding loans. A new mortgage on the same real property was executed by the husband as security for the consolidated loan. The bank gave the husband receipts that reflected payment in full of the indebtedness on the first and third loans.

Under those facts, the court found that the first and third loans were satisfied, thereby discharging those debts and extinguishing the original mortgage lien so that an intervening mortgagee held a superior lien in the collateral. Obviously, *Peoples Bank* and the instant case differ in a number of respects, including the fact that Peoples Bank issued a new mortgage to only one of the original mortgagors. Under such circumstances, it would be expected that Peoples Bank would lose its priority to an intervening lien holder. But the crucial difference between *Peoples Bank* and the instant case is the existence of the future advance clause in the Bank's deed of trust and the absence of any such clause in Peoples Bank's mortgage.

The evidence demonstrates that from 1985 to the date of the bankruptcy filing, the Debtors were always indebted to the Bank and that repayment was continuously secured by the deed of trust's future advance clause. Hillsboro has failed to prove its theory: that at some point in time the Bank's mortgage was extinguished because no indebtedness existed to which the Bank's mortgage lien could attach.

The Court concludes that the mortgage lien was not extinguished by the 2001 Note. Therefore, when the July and December 2002 Notes were subsequently executed, the future advance clause in the 1985 mortgage ensured that these notes were also secured by the still viable mortgage lien.

### CONCLUSION

For the foregoing reasons, Hillsboro's objection to the motion and order allowing the Bank's claims is overruled. Hillsboro's objection to confirmation is sustained as to its contention that it is a secured creditor. The Debtor has twenty days to file a modified plan consistent with this order.

IT IS SO ORDERED.