**In re Gill and Katie BONNETT, Debtors.**

No. 1:06–bk–70278M.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Nov. 3, 2006.

Kyle Havner, Baim Law Firm, Pine Bluff, AR, for Debtors.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On February 22, 2006, Gill and Katie Bonnett filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. On June 1, 2006, the Trustee timely filed an objection to a claim of $2,282.32 filed by the Crossett Paper Mills Employees Federal Credit Union (Credit Union). The Trustee only objected to the secured status of the claim, not the amount or validity of the claim.

A hearing on the objection to claim was held on June 21, 2006, in El Dorado, Arkansas, and the matter was taken under advisement.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court may enter a final judgment in this case.

## I.

The facts are not in dispute. On November 12, 2003, the Debtors executed a promissory note to the Credit Union to secure the repayment of the principal sum of $28,500.00. The note was to be repaid in periodic monthly payments of $438.85 beginning December 31, 2003, and maturing on November 30, 2010. The note was secured by a mortgage on real property located in Ashley County at 1007 Ashley 95 Road, Hamburg, Arkansas. The property in question is the Debtors' homestead, and the note and mortgage were given in connection with the purchase of the property. The mortgage was validly recorded with the Circuit Clerk of Ashley County, Arkansas, on November 14, 2003. The mortgage contained a subsequent advance clause as follows:

> B. All future advances from Lender to Mortgagor or other future obligations of Mortgagor to Lender under any promissory note, contract, guaranty, or other evidence of debt executed by Mortgagor in favor of Lender after this Security Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this Security Instrument, each Mortgagor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Mortgagor, or any one or more Mortgagor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.
>
> C. All obligations Mortgagor owes to lender, which may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Mortgagor and Lender.
>
> D. All additional sums advances and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

Thereafter, on June 3, 2004, the Debtor, Katie Bonnett, executed a promissory note to the Credit Union in the sum of $596.97. The note was due to be repaid in monthly payments of $163.54. The note is the basis for the Credit Union's claim of $2,283.32. The Debtor, Katie Bonnett, did not grant the Credit Union any separate security interest in property to secure this debt.

## II.

The Trustee argues that the subsequent advance clause in the mortgage executed in 2003 is not sufficient to secure the note made on June 3, 2004, because the subsequent debt was not of the same class and so related to the previous debt that the assent of the mortgagors can be assumed. The credit union argues that the subsequent advance clause is valid and cites several cases in their brief supporting that proposition.

This Court has had occasion to consider these issues in the case of *In re McMullan*, 196 B.R. 818 (Bankr.W.D.Ark. 1996). In that case, the court observed as follows:

Parties to a loan transaction may agree that a mortgage given to secure a particular debt may also secure some other existing or future debt. *In re Dorsey Elec. Supply Co.*, 344 F.Supp. 1171, 1172 (E.D.Ark.1972); *In re Ferguson*, 85 B.R. 89, 91 (Bankr.W.D.Ark.1988) (citing *In re Dorsey*, 344 F.Supp. at 1172 and *Hendrickson v. Farmers' Bank & Trust Co.*, 189 Ark. 423, 433–34, 73 S.W.2d 725, 729 (1934)). A mortgage lien does not extend to other debts unless the subsequently acquired debts are of the same class as that of the primary debt or so related to the same class that the assent of the mortgagor may be inferred, unless the parties agree otherwise. *In re Ferguson*, 85 B.R. at 91; *Hendrickson*, 189 Ark. at 433, 73 S.W.2d at 729.

Chief Judge George Craycraft stated the reason for the rule in the case of *Union Nat'l Bank v. First State Bank & Trust Co.*, 16 Ark.App. 116, 697 S.W.2d 940 (1985). He explained that "the purpose of such a [rule] is to prevent the extension of a lien by the use of general terms to debts the debtor did not contemplate." 16 Ark.App. at 119, 697 S.W.2d at 941–42 (citing *Bank of Searcy v. Kroh*, 195 Ark. 785, 114 S.W.2d 26, 28 (1938)); *Security Bank v. First Nat'l Bank*, 263 Ark. 525, 532, 565 S.W.2d 623, 627 (1978); *Hendrickson*, 189 Ark. at 433, 73 S.W.2d at 729. However, the court held in *Union National Bank* that the first mortgage lien did extend to all subsequent advances whether related or unrelated to the primary purpose because the future advance clause unambiguously stated that it would do so. *In re McMullan*, 196 B.R. at 828. If the subsequent indebtedness is not related to or in the same class, then the subsequent advance clause is not valid as to any future advances unless the future advance clause unequivocally states that it applies. *Union Nat'l Bank v. First State Bank & Trust Co.*, 697 S.W.2d at 942; *Security*

*Bank v. First Nat'l Bank*, 263 Ark. at 532, 565 S.W.2d 623.

 The unsecured personal note for $596.97 is not related to or in the same class as the $28,500.00 purchase money note and mortgage executed previously. Furthermore, the future advance clause in the prior mortgage does not state that it applies to debts not of the same class as the purchase money debt. Therefore, the Trustee's objection to the secured status of the Credit Union's claim of $2,283.32 is sustained.

IT IS SO ORDERED.